(Surrogate's Court, New York County. October 18, 1898.)

1. SURROGATE'S COURT—JURISDICTION—FINAL ACCOUNTING—DISPUTED CLAIMS.
   The surrogate has power to direct an administrator, on his accounting, to retain the amount of a disputed claim, where the claimant failed to sue because of the nonresidence of the administrator, and his refusal to make a voluntary appearance.

2. SAME—DECREE.
   On entering a final decree on an administrator's accounting, the surrogate will not direct him to retain the amount of a disputed claim, which the claimant made no effort to enforce.

3. SAME—ATTORNEYS—LIABILITY FOR COSTS.
   Code Civ. Proc. c. 21, tit. 3, § 3278, making plaintiff's attorney liable for costs in certain contingencies, does not apply to proceedings in surrogates'

courts, as section 3347, subd. 13, provides that said title applies only to courts specified in subdivision 4, which does not mention surrogates' courts.

4. ADMINISTRATOR'S ACCOUNT—SPECIAL GUARDIAN—COSTS.

Where a special guardian appeared for his ward, who was cited in an administrator's accounting, and denied that his ward's claim had been rejected and was barred by limitation, as stated in the account, and alleged that the ward was prevented from suing by the nonresidence of the administrator, who refused to appear voluntarily, and an order was granted directing the administrator to retain the amount of the claim until its validity was established, the guardian is entitled to costs.

In the matter of the estate of Johanna Rasch, objections were filed to the accounts of Pauline Wirth, administratrix, and a motion was made to confirm a referee's report.

Emil A. Hussey (Edward F. Hussey, of counsel), for administratrix.

Adolph Bloch (Porte V. Ransom, of counsel), for administratrix, etc., of Remegius Rasch.

Frederick Dieffenbach, Jr., for contestants, Kautzmann and Heissner.

William Henry Knox, for Magdalena Bergman, a judgment creditor.

Straley, Hasbrouck & Schloeder (Nicholas Schloeder, of counsel), for Sophia Louise Meister and others.

ARNOLD, S.    The exceptions to the referee's report are overruled, and report confirmed.    Provision should be made in the decree for the retention by the administratrix of a sufficient sum, to be determined by the surrogate upon affidavits to be presented to him upon notice of settlement, to cover the amount of the respective claims of Carrie Heissner and Freida Nussberger, including probable amount of costs which may be recovered thereon; such amount to be retained for a reasonable time, and until further order of this court is made in respect thereto, upon due application by a party interested therein.

While the surrogate has no jurisdiction to pass upon the question as to whether the Nussberger claim is barred by the short statute of limitations (Code Civ. Proc. § 1829), it clearly appears from the evidence taken before the referee that the claimant has made diligent effort to commence an action upon her claim, and has requested the administratrix to appear and defend the same, which she has refused to do, and that the latter has, by reason of her nonresidence, avoided service of summons.    It is insisted by the claimant that the provisions of section 401, Code Civ. Proc., apply.    The administratrix claims that they do not.    But the cases of Hayden v. Pierce, 144 N. Y. 512, 39 N. E. 638, and Titus v. Poole, 145 N. Y. 424, 40 N. E. 228, apparently sustain the claimant's contention.    While this case does not come within the provisions of section 2745 of the Code, it does not follow that the surrogate has not power to direct, upon entering final decree in an accounting proceeding, that moneys be retained to cover claims which are disputed, although no action may be pending thereon; and it has been the practice in this court to do so in proper cases, although there is no specific provision of law authorizing the same.    And see In re Giles, 1 Dem. 97; In re Callahan, 152 N. Y. 320, 46 N. E. 486; In re Randall, 152 N. Y. 521, 46 N. E. 945.    The claimant should not be remediless by reason of the persistent refusal of the administratrix to allow the

former to serve process upon her within the state, or voluntarily appear, so that the claim, which, so far as appears, is a meritorious one, may be passed upon and decided in the courts of this state.

It does not appear whether the validity of the Heissner claim has been sustained in the action which seems to have been commenced thereon. If it has been, then proper direction for its payment may be inserted in the decree.

With respect to the claim of Mrs. Vetter as administratrix of Remegius Rasch, I shall not make any directions deferring the distribution for the purpose of meeting some possible action which may be brought thereon; the claimant having made no effort, so far as it appears, to bring suit.

The motion to charge the contestants with costs I shall deny. The claim that the attorney for Charles and William Kautzmann, who filed objections, is liable for costs, under section 3278 of the Code, could not in any event be sustained, for the reason that it is expressly provided by section 3347 of the Code, subd. 13, that title 3, of which section 3278 is a part, is applicable only to the courts specified in subdivision 4 of section 3347.

The special guardian appearing for Miss Nussberger is entitled to an allowance of costs, as his ward was made a party to, and cited in, this proceeding, and the account contains an allegation that she filed her claim with the administratrix, that the same was rejected, and that the claim is barred by the statute of limitations. She was justified in filing objections controverting the truth of such allegations, or any of them, and in submitting her interests to the protection of the court, and in presenting such evidence as might aid in determining what, if any, relief she might be entitled to. No costs will be allowed to any of the other contestants. Decree may be submitted in accordance herewith, upon notice of settlement to all parties appearing.