her decease to receive decent burial; and my executors are directed to allow the said officers or trustees to retain any moneys that may be left out of my said wife's share on her decease, to be kept by them for the benefit of their institution. Sixth. And my executors are further directed to pay over the other two-thirds of said moneys to my son, Joseph, who now resides at Minneapolis, in the state of Minnesota, and also give, devise, and bequeath to my son, Joseph Kennedy, all my property in Minnesota, to have and to hold the same to himself forever."

Mary Ann Kennedy, the wife of the testator, predeceased him on August 11, 1892. She was not, at that or any other time, an inmate of St. Vincent's Retreat, or in any way under its care and charge. Was the bequest upon condition, and was the performance of that condition the motive of the bequest, and has the bequest failed because the death of Mrs. Kennedy before the testator rendered such performance impossible? 2 Williams, Ex'rs (6th Ed.) p. 1372. The scheme of the will was just and beneficent. Had the testator died intestate, leaving his wife surviving, she would have taken one-third of his estate and his son two-thirds, and this is what he desired substantially to accomplish by his will, but he no doubt realized that his son lived in a distant state, too far, perhaps, for his mother in her old age to go, and that he could not care for and make her comfortable here when so far away. With forethought and solicitude for her welfare, the testator endeavored to insure her future happiness and comfort by himself selecting as her future home St. Vincent's Retreat, and providing for her support and maintenance in that institution during her life, and the payment of her funeral expenses upon her death, out of the one-third of his estate appropriated for her benefit, the Retreat to retain whatever was then left of the same. My conclusion is that the bequest to the Retreat was conditioned upon the fulfillment by the legatee of the purposes which it was intended to accomplish, and that such condition was the motive of the bequest. The performance of the condition having become impracticable, the bequest, therefore, fails. A decree may be submitted in accordance with these views. The objections filed by the executor of Mary Ann Kennedy are overruled.

Decreed accordingly.

---

(25 Misc. Rep. 255.)

## In re VON DER LIETH'S ESTATE.

### (Surrogate's Court, New York County. November, 1898.)

1. SURROGATE'S COURT—JURISDICTION—CLAIMS.

While the surrogate's court has no jurisdiction to try the validity of a claim against an estate, it may determine whether a disputed claim was rejected by the executor; and if it has been disputed and rejected, and has not been established until barred, it must be disregarded, otherwise it will be treated as a liquidated undisputed debt.

2. EXECUTORS AND ADMINISTRATORS—ACCOUNTING—DECREE.

Where a referee reported that an executor had not rejected a claim, but that he had not admitted it as just, the only decree that can be rendered in a proceeding to compel the executor to account, where the claimant did not demand payment, is one stating the executor's account as filed, except that it shall not adjudge the claim to have been rejected, but only that it was not admitted or established.

Walter Cox, for contestant.
Grasmuck & Ostrander, for executor.

ARNOLD, S.  This proceeding was instituted by an alleged creditor of the decedent, under section 2727 of the Code of Civil Procedure, to compel an accounting by the executor of the estate.  An order was made directing the respondent to file his account, which he did.  In a schedule annexed to such account it was stated that the petitioner had filed a claim against the estate for $500, but that it had been rejected, and no proceedings had been taken to enforce the same.  The only objection filed by the petitioner to the account was in respect to the allegation that his claim had been rejected.  While this court has no power to pass upon the question of the validity of a claim filed against an estate, it has jurisdiction, where there is a dispute upon that point, to determine whether or not the claim was rejected by the representative of the estate; and if it finds that it has been disputed or rejected, and that within the time specified in the statute no proceeding has been begun for its enforcement, the surrogate must regard such claim as barred, and must enter a decree disregarding it, and directing distribution of the estate among the parties entitled.  If it shall find that the claim has not been so disputed or rejected, it must be considered as liquidated, and as an undisputed debt, which the representative is obliged to pay.  Bowne v. Lange, 4 Dem. Sur. 350, and cases there cited.  A reference having been ordered, the referee has reported that the claim made in the account that the executor rejected the claim, on or about December 12, 1895, is erroneous, and the objection thereto, to that extent, should be sustained; but, at the same time, he finds that, the claim not having been admitted by the executor as a just and proper one to the amount thereof, no decree for its payment can be made until the amount thereof shall be determined by some court having jurisdiction to determine the same.  Exceptions to the report were filed by the respondent.  The findings and conclusions of the referee are sustained by the evidence taken before him, and the exceptions thereto are overruled, and the report is confirmed.  It appears from such findings that, while the claim was not formally rejected, it was not admitted by the executor to be a valid debt of the estate for the amount claimed, and therefore it has not been established as such debt by his agreement or acquiescence, and it is not claimed that it has been established by the judgment of any court having jurisdiction over the question.  The petitioner does not ask for the payment of the claim, and therefore, even if it had been established, any decree which can be entered in this proceeding should not contain a provision for such payment, wholly or in part, although in such case it might adjudicate that the claim had been so established, and such adjudication might be the basis of an application on behalf of the petitioner for payment of same or part thereof, under section 2722 of the Code of Civil Procedure, or in proceedings by the respondent for a judicial settlement of his account under section 2743.  The suggestion of the referee that the entering of any decree in this proceeding, directing the

payment of the claim, should be suspended until the claim shall be established by a competent tribunal having jurisdiction to determine and adjudicate the same, cannot therefore be adopted. In Re Callahan's Estate, 152 N. Y. 320, 46 N. E. 486, it appears that the executrix was the sole devisee named in the decedent's will; and in such a case a provision similar to the one suggested by the referee would be a proper one, as decree of distribution might be made therein, all parties interested in the estate being before the court, which is not the case here.

I think that the only decree which can be made here is one stating the account of the executor as filed, except that it shall not adjudge that the petitioner's claim was rejected, but that it had not been admitted or established. This will leave the petitioner free to prosecute his claim in a court having jurisdiction to try the question of its validity, and, if he recovers judgment thereon, to take such further proceedings as he may be advised; and the decree may contain a provision that it is made without prejudice to such proceeding on his part. Decree may be submitted in accordance herewith.

Decreed accordingly.

---

(25 Misc. Rep. 279.)

### In re BARNES' ESTATE.

(Surrogate's Court, New York County. November, 1898.)

SURROGATE'S COURT — APPLICATION BY NEXT OF KIN FOR AN ACCOUNTING — LIMITATIONS.

 An application under Code Civ. Proc. § 2727, by next of kin, to compel an accounting by decedent's administratrix, presented 17 years after letters of administration, and 9 years after applicant has reached his majority, being a special proceeding, and analogous to an action at law to recover a demand, is barred by 6 years' limitation, under Code Civ. Proc. §§ 382, 414.

In the matter of the estate of Rosanna Barnes, deceased. Application for compulsory accounting by legatee under Code Civ. Proc. § 2727. Dismissed.

Moran & Belfer, for petitioner.
A. H. Parkhurst, for respondent.

ARNOLD, S. This is a proceeding instituted under section 2727 of the Code of Civil Procedure by the petitioner, claiming to be one of the next of kin of the decedent, against the administratrix of the latter's estate, to compel an accounting by her; and it is alleged in the petition that as such administratrix certain moneys and property came into her hands, for which she has never accounted. The respondent has appeared and interposed an answer admitting that she received moneys of the estate, and that she has not accounted, but averring that she has properly expended all such moneys, and in part in the support of the petitioner; and she then pleads the statute of limitations as a bar to the application. It appears that letters of administration were granted to the respondent on September 13, 1881,