### In re WHITEHEAD.

### In re STEINWAY'S ESTATE.

(Supreme Court, Appellate Division, First Department. March 24, 1899.)

1. SURROGATES' COURTS—JURISDICTION—DISPUTED CLAIMS—PAYMENT.
    A surrogate's court has no jurisdiction to compel payment of disputed claims against a decedent's estate.

2. EXECUTORS—ACCOUNTING—PETITION BY CREDITOR.
    Though Code Civ. Proc. § 2727, authorizes the surrogate's court to require executors to account, at the instance of a creditor, in the absence of good cause shown to the contrary, yet where the claim is disputed, and the executors allege facts which, if true, tend to show that petitioner is not a creditor, the petition should not be granted.

3. SAME—CLAIMS—ESTABLISHMENT.
    Mere presentation of a claim against an estate to executors, and silence on their part, do not render a claim an established one, so as to give the surrogate's court jurisdiction to decree its payment on a settlement of the executors' accounts.

4. SAME—INVALID ORDER.
    Where a surrogate erroneously ordered an accounting by executors at the instance of a creditor whose claim was disputed, such order is not validated by Code Civ. Proc. § 2726, authorizing the surrogate to require an executor to account at any time, in his discretion,—especially where the estate is large, and not ready for distribution, and the granting of the order would be an abuse of discretion.

Appeal from order of surrogate, New York county.

Proceeding by John Whitehead, a creditor of the estate of William Steinway, deceased, against Charles H. Steinway and others, exec-

utors, to compel a judicial accounting.   From an order directing the
accounting, defendants appeal.   Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY,
O'BRIEN, and INGRAHAM, JJ.

J. Delahanty, for appellants.
George H. Bruce, for respondent.

INGRAHAM, J.   The petitioner presented to the surrogate a pe-
tition alleging that he was a creditor of the estate of William Stein-
way, deceased; that he had filed his claim with the executors, and
that his said claim was thereupon admitted; that more than 18
months have expired since the granting of letters testamentary; and
that his claim has not been paid, and no accounting has been made
by such executors; and the petitioner prays that a citation may
issue, directed to said executors, requiring them to show cause why
an order should not be made directing that the executors judicially
settle their accounts as such executors of the estate of William Stein-
way, deceased.   Upon the return of the citation an answer was filed
on behalf of the executors denying that the claim had been admitted,
denying that the petitioner was a creditor of the estate, and alleging
facts which, if true, show no liability on the part of the estate.   This
answer was verified by one of the executors.   The petitioner replied,
setting up facts which, if true, would tend to show that he had a
valid claim against the estate.   Neither the petition nor the reply
was verified by the petitioner, but by his attorney, upon information
and belief; alleging that the attorney's knowledge of the facts was
derived from statements made to him by the petitioner's agent, and
from papers, writings, and documents in the deponent's possession.
Upon these papers the surrogate made an order directing the exec-
utors to account.   We think this order should be reversed.

The jurisdiction of the surrogate to compel payment of a claim
against an estate is confined to undisputed claims.   If the executors
dispute the claim, or have such knowledge of it as enables them to
doubt its validity, the surrogate has no power to order the payment
of the claim.   The claimant is compelled to resort to his action in a
court having jurisdiction to try disputed claims.   Lambert v. Craft,
98 N. Y. 347.   The only object in the surrogate's requiring the exec-
utors to account upon an application of a creditor is that a decree
may be entered, under the provisions of the Code, directing the exec-
utors to pay the claim, if they have assets of the estate in their hands
sufficient for that purpose.   It is true that under section 2727 of the
Code a creditor may present a petition to the surrogate, praying for
a judicial settlement of the accounts of the executors, and that, un-
less the executors show good cause to the contrary, an order should
be made directing them to account; but where the executors show
that the claim is disputed, and allege facts which, if true, would tend
to show that the petitioner was not a creditor, then we think that good
cause has been shown to the contrary, and the petitioner should estab-
lish his position as a creditor by resorting to an action in a court
which has jurisdiction to try a disputed claim.   The mere presenta-

tion to the executors of a claim, with silence on the part of the executors in respect thereto, does not render the claim an established one, so as to give to the surrogate jurisdiction to decree its payment on a settlement of the executors' accounts. In re Callahan's Estate, 152 N. Y. 320, 46 N. E. 486, where the court say:

"We are of the opinion that the mere silence on the part of an executor or administrator after the presentation of a claim under the statute, accompanied by lapse of time, will not in any case preclude the representative from thereafter contesting its validity. * * * But the claim does not become established from mere silence of the executor or administrator."

In this case the executors have distinctly disputed the claim by a verified answer, and the surrogate was without jurisdiction to determine the question whether the disputed claim was valid, or to decree its payment.

It is said, however, that under section 2726 of the Code a surrogate has power, in his discretion, at any time to require an executor to account, and that such power may be exercised with or without a petition or suggestion from any one; and, the surrogate having exercised his jurisdiction, the fact that the petitioner was not a creditor would not justify a reversal of the order. It is a sufficient answer to this to say that the surrogate has not exercised this power. The proceeding was commenced by a person claiming to be a creditor for the purpose of establishing his interest in the estate as such creditor, and it was to enforce this alleged right of the petitioner that the order was made. So far as appears, no one whose interest in the estate is undisputed requests an accounting at the present time. It now appears that the petitioner's claim is disputed by the executors, that the surrogate would have no power to order payment of that claim by the executors, and that the estate is not in such a condition that there can be a final accounting. The only result of decreeing such an accounting would be that an expensive preliminary account would be required, when the estate is not ready for final distribution, and when no benefit could accrue to the petitioner, as the surrogate would have no jurisdiction to decree payment of his claim.

Counsel for the executors states that this estate is very large, exceeding $1,500,000. An accounting of such an estate would involve great expense, which must be borne by the estate, and, so far as appears, would be of no advantage to any one. We think that to order an accounting under such circumstances was an abuse of the discretion vested in the surrogate, and justifies the interference of this court.

The order is therefore reversed, with $10 costs and disbursements, and the proceedings dismissed, with $10 costs. All concur.