(47 App. Div. 229.)

EDMONDS et al. v. EDMONDS.

(Supreme Court, Appellate Division, Fourth Department. January 23, 1900.)

1. EXECUTORS AND ADMINISTRATORS—DISPUTED CLAIMS.

A claim against a decedent's estate is sufficiently disputed, to prevent it from becoming liquidated, where, in proceedings by the creditor against the administrator to compel an accounting, he notifies the creditor's counsel of its rejection, and files an account stating that it is disputed.

2. SAME.

Under Code Civ. Proc. §§ 1822, 2743, as amended in 1895, authorizing the surrogate to try disputed claims against a decedent's estate when the parties consent thereto, he can try such claims only by consent of the parties.

Appeal from surrogate's court, Livingston county.

In the matter of the settlement of the accounts of William E. Edmonds as administrator, etc., of Maria Edmonds, deceased. From a decree settling his accounts in favor of Sarah A. Edmonds and another, contestants, he appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

W. E. Edmonds, in pro. per.

G. W. Atwell, for respondents.

WILLIAMS, J.   The only question raised by this appeal relates to a claim against the estate presented by the contestant Sarah A. Edmonds, of $1,872.   This claim was presented to the administrator in August, 1895.   The administrator insisted that he soon after rejected the claim, while the contestant denied that she received any notice of such rejection.   In September, 1896, the contestant filed a petition for the final accounting of the administrator, to the end that she might secure payment of her claim.   The surrogate in November ordered the administrator to render and file an account. The administrator, in compliance with that order, made and filed his account, wherein, among other things, he stated that the claim in question was disputed and rejected by him.   The contestant filed objections to this account, stating, among other things, that the claim had never been disputed or rejected by the administrator, but had remained undisputed, and become liquidated as a debt against the estate, and should be paid.   Thereupon, in December, 1896, the surrogate appointed a referee to examine the account, and hear and determine the questions arising upon its settlement.   The referee heard the matter, and reported to the surrogate, among other things, that soon after the claim was presented to the administrator he wrote and sent a letter to the contestant, indicating that he would not allow or pay the claim, but this letter was not received by the contestant; that after the proceedings for the accounting had been commenced, and in November, 1896, the administrator notified the counsel for the contestant that the claim was disputed and rejected by him; that the claim was not rejected or disputed, within the meaning of the statute, until more than 14 months had elapsed since it was presented; that the claim had then become liquidated, adjusted, and allowed by lapse of time, and the silence and acts of the administrator, and should be paid, so far as the moneys applicable to the payment of debts would pay the same.   Exceptions were duly taken by the administrator to these findings of the referee.   Thereupon the surrogate made and entered the decree appealed from; among other things, allowing the claim, and directing it to be paid. so far as there were moneys applicable thereto.

The surrogate erred in allowing and directing payment of this claim.   The administrator, after these proceedings were commenced, in November, 1896, and again in rendering his account, certainly disputed and rejected the claim, whether he did so in 1895, when the claim was presented to him, or not.   This was a sufficient dispute and rejection to prevent the claim being regarded as liquidated or adjusted.   Schutz v. Morette, 146 N. Y. 137, 40 N. E. 780; In re Callahan's Estate, 152 N. Y. 320, 46 N. E. 486.   The claim having been so disputed and rejected, the surrogate had no power or jurisdiction to try or allow such claim unless consented to by the parties.   Code Civ. Proc. §§ 1822, 2743, as amended in 1895.   Prior to

the amendments of 1895 of these sections, the surrogate could not try a disputed claim at all. In re Callahan's Estate, supra; McNulty v. Hurd, 72 N. Y. 518. Since these amendments were made, he can try such claims only by the consent of the parties.

The decree of the surrogate appealed from must therefore be reversed, with costs to the appellant, and the case remitted to the surrogate's court, with directions to resettle the account in accordance with the views herein expressed, or to suspend the entry of the decree until the questions arising upon the claim are settled by a competent tribunal. So ordered. All concur.