(33 Misc. Rep. 147.)

## In re MILES' ESTATE.

### (Surrogate's Court, Erie County. November, 1900.)

1. EXECUTORS AND ADMINISTRATORS—FINAL ACCOUNT—CONTEST BY CREDITOR.

    The mere allegation that one is a creditor of an estate is conclusive for the purpose of entitling him to be heard, under Code Civ. Proc. § 2728, giving creditors the right to contest an executor's or administrator's account.

2. SAME—POWER OF SURROGATE.

    The surrogate has power, in proceedings for the judicial settlement of the account of an executor or administrator, to determine whether a claim was admitted or rejected.

3. SAME—PRESENTATION OF CLAIMS—NECESSITY OF WRITTEN PROOF.

    It is not a prerequisite to the acceptance or rejection of a claim against an estate by the personal representative that written proof thereof shall be presented, if he is otherwise satisfied of its validity or invalidity, and does not require vouchers and an affidavit in support thereof, pursuant to Code Civ. Proc. § 2718.

4. SAME—ACCEPTANCE OF CLAIM—FINALITY—ESTOPPEL TO QUESTION VALIDITY.

    An intestate directed his sole heir to pay $3,000 for services which had been rendered him, and after his death, though no demand therefor was made, the heir, acting as administratrix, recognized the claim for such services, paid over $1,200 thereon, and credited herself to that extent in her accounts on the settlement of the estate. *Held*, that she had finally accepted the claim, and that on final settlement thereafter she was estopped to question its validity.

5. SAME—PLEADING LIMITATIONS.

    An administratrix and sole distributee could not plead limitations to avoid her agreement to pay a balance due on a claim which she had accepted and partially paid.

Petition of Mrs. Rose Leroy for an order directing that the decree of settlement of the estate of John C. Miles, deceased, heretofore made, be opened, and that the administrators be directed to pay her claim.

Henry L. Steiner, for petitioner.

David C. Millar, for administrators.

MARCUS, S. This proceeding arises upon the petition of the claimant for an order directing that the decree of settlement heretofore made be opened, and that the administrators be directed to pay her claim. The real issue in this proceeding is to determine whether the petitioner's claim has been admitted or rejected by the administrators. This court has no power to inquire into the merits of a disputed claim, and is utterly devoid of jurisdiction to determine the validity of an alleged creditor's disputed claim against a decedent's estate, except as provided by section 1822. Yet the mere allegation that one is a creditor of the estate is conclusive for the purpose of entitling him, under section 2728 of the Code, to be heard. The surrogate has power to determine whether a claim has been admitted or rejected by the accounting executor. Bowne v. Lang, 4 Dem. Sur. 350; In re Von Der Lieth's Estate, 25 Misc. Rep. 255, 55 N. Y. Supp. 428. "Whenever any person claims to be a creditor of an estate, and as such insists upon his right to become a party to a contest over the

correctness of its executor's accounts, that right should be accorded to him as of course. Possibly the presentation of a demand which, upon its face, is discovered to be absurd, illegal, or, for any reason, worthless, may furnish an exception to this rule. But, as the surrogate has no authority to adjudicate finally upon the validity of an alleged creditor's disputed claim, it seems little short of absurdity to contend that he may adjudicate preliminarily so far as to shut out such claimant from taking any part in a contested accounting; and to hold that the mere refusal of the executor to recognize one as a creditor is necessarily a bar to his participating in such contest is absurdity itself." Greene v. Day, 1 Dem. Sur. 51. I think it was proper to open the decree, and give the petitioner an opportunity to be heard upon the acceptance or rejection of her alleged claim, since there is no dispute as to her failure to receive notice of the settlement.

It is urged that, since no written proof of claim was ever presented, no claim upon the part of this petitioner could have been accepted or rejected. It needs no argument to make clear that the purpose of exhibiting claims against an estate to an executor or administrator is to enable him to adjust claims without the expense of compulsory proceedings in court, to relieve him of doubt, and acquaint him with such facts as may lead him to accept or dispute the justice of the claim. If he is satisfied of the justice of the claim by his own knowledge, or any form of evidence, which, in good faith, he deems sufficient, he may allow the same without the intervention of proceedings in court. Indeed, beneficiaries have the opportunity, through the executor or administrator, of discharging just claims against a decedent without incurring a bill of costs as incident to an action. In short, the office of proof of claim is to bring to the notice of the representatives evidence from which they may satisfy themselves of its validity. A copy of the claim in writing may be waived, since a literal compliance is unnecessary when the facts of the claim are all within the knowledge of the representative, and have been acted upon and liquidated without any demand for voucher or affidavit. "The executor or administrator 'may' require satisfactory vouchers in support of any claim presented, and the affidavit of the claimant that the claim is justly due, that no payments have been made thereon, and that there are no offsets against the same to the knowledge of the claimant." Section 2718, Code Civ. Proc. Claims may be presented by letter, or in any way which deals fairly with the executor or administrator and the estate he represents; and the claimant need not produce vouchers or make an affidavit unless requested. Gansevoort v. Nelson, 6 Hill, 389.

The merits of the claim are not for my consideration. It appears that directions were given by the intestate to his sister to pay to the petitioner the sum of $3,000 upon the settlement of his estate. It was not a testamentary gift, a causa mortis gift, nor a gift inter vivos. It was a direction that could not be enforced in the law. The administratrix, however, who was the sister of the intestate, and sole distributee, through her attorney, directed him to arrange with the petitioner to accept certain notes and accounts of her intestate, and

68 N.Y.S.—24

to collect the same for herself, as she, the administratrix, desired to make no enemies among her neighbors in so doing; and agreed that the difference between the $3,000 and the amount collected from these notes and accounts she would pay to the petitioner upon the settlement of the estate. Accordingly, the notes and accounts were given to the petitioner, and collection of same proceeded with. It resulted in securing to this petitioner the sum of $1,279.78. The account filed by the administrators upon the settlement of their accounts shows a payment to the petitioner in the sum named. It therefore seems that this claim was recognized and accepted by the administratrix, and formal proof of claim in writing waived, even if the same was a necessary precedent on the part of this petitioner; and to the extent of the balance, namely, $1,720.22, must be treated as a liquidated and undisputed debt, which this administratrix is bound to pay.

It has been urged that there is no debt against this estate upon the facts shown and which are undisputed; that the intestate's directions to his sister—this administratrix—created no debt against his estate; that the services rendered for which the intestate was moved to direct the payment of the $3,000 are barred by the statute of limitations. It would seem that this administratrix recognized the claim of this petitioner, and admitted the same by actually paying petitioner and crediting herself in her accounts upon the settlement of this estate to the extent of $1,279.78. It does not appear that this administratrix was confronted with a demand by the petitioner. It, however, does clearly appear that the administratrix recognized a claim or demand of some kind, which she regarded as valid, and proceeded upon her own motion, through the aid of her attorney, to arrange for the payment of the same without demand for vouchers or affidavit from the petitioner, claimant. If the demand was just, the administratrix was bound to pay; if unjust, to resist payment. Her course makes clear that she regarded it as a just claim, and made what resulted in a considerable payment upon the same. "The mode of adjusting claims against an estate is specifically prescribed. They must be presented to the executors or administrators, and, if allowed, they are established. If disputed or rejected, they may be referred; and, if not, actions may be brought in the courts having jurisdiction." McNulty v. Hurd, 72 N. Y. 520. An executor or administrator duly convinced of the validity of a claim may allow the same without the formality of a judgment. If such admission has been made, it is as effectual for all practical purposes as if the debt had been established by judgment; and, if such admission has once been made, it cannot be retracted. In re Phyfe, 5 N. Y. Leg. Obs. 331. And, where the claim was duly recognized and allowed by the administrator, neither the administrator nor next of kin could require its rejection by the surrogate on the final settlement. Willcox v. Smith, 26 Barb. 316, 334. "The executor acts in a quasi judicial capacity, and his judgment of rejection becomes final after six months have expired. His admission of the debt, as between him and the claimant, is also quasi judicial; and, being a determination, in the propriety of which both parties ac-

quiesce, it is immediately final between them." In re Phyfe, supra. There is no evidence whatever on the part of the respondents that the claim of the petitioner was ever disputed or rejected, which, in view of the position taken by the administrators in these proceedings, seems important as well as significant. By accepting or rejecting a claim, the executor or administrator gives it the force, in effect, of a judgment, subject to the right of appeal from his judgment of rejection within six months by an action in a court of proper jurisdiction. The law allows this privilege to determine claims. When, therefore, the determination either way is a judgment, in effect it is important that the evidence of such admission or rejection should be clear. While an executor or administrator has no power to waive, as against heirs at law or devisees, any legal defense, either under the statute of limitations or the statute of frauds, no heirs at law, devisees, creditors, or any third party's interest intervene in this proceeding; and since this administratrix is sole distributee, and alone is interested in the determination of this proceeding, it would appear that she is estopped from now questioning the validity of the petitioner's claim at this time.

Conceding that no executor or administrator can pay any outlawed claim corruptly, or in violation of the duty he owes an estate as personal representative, without becoming liable personally for devastavit, yet this rule fairly contemplates violation of a duty to a person other than himself. By whom can this administratrix be charged with having violated her trust, she being the sole distributee, and no creditors or other parties existing who are interested in this estate? Surely, a debt barred by the statute, or a debt invalid for any reason, can be paid by an executor or an administrator upon the direction of heirs at law or next of kin when the rights of creditors or legatees cannot be affected, and the interest in the estate diminished to those only who direct the invalid or outlawed debt to be paid. Even if it be assumed that the payment made by this administratrix was an admission of an old indebtedness, she cannot now be heard to raise the statute of limitations, as administratrix, in her own behalf as sole distributee, where the rights of no other persons are, or in any way can be, affected.

Finally, it may be said that the decedent recognized a valid claim against his estate, and directed his sister—this administratrix—and only next of kin, to pay the same, which direction of itself would be of little avail to this petitioner as a matter of law except this administratrix afterwards admitted the claim, ratifying all the acts of her attorney by paying the petitioner the sum of $1,279.78, and further agreeing to pay the balance, and never, throughout the entire time occupied by the administrators in officially caring for this estate, rejecting or disputing in any form the claim of this petitioner. I am satisfied as a matter of fact that the administrators admitted the petitioner's claim. The estate was finally closed by a decree of this court upon a judicial settlement, and upon a final accounting one of the administrators, as sole distributee, taking the balance of the funds, amounting to upward of $16,000, into her possession. The fund so taken was, nevertheless, charged with the payment of

the petitioner's admitted claim, and the administratrix cannot now for the first time, upon this settlement,—which must be regarded, as to this petitioner, the original accounting, since she was not made a party, and as an alleged creditor was entitled to be heard,—urge the statute of limitations in her own behalf, as sole distributee, through herself as administratrix, and deny the validity of this claim, and ask for its rejection.

Decreed accordingly.