CLARK v. HYLAND'S ESTATE.

(Supreme Court, Appellate Division, Fourth Department. November 17, 1903.)

1. ESTATES OF DECEDENTS—SURROGATE'S COURT—JURISDICTION—DETERMINATION OF DISPUTED CLAIM.

Prior to the amendment of 1895, Code Civ. Proc. § 1822, provided that an action by a creditor of a decedent's estate on a rejected claim must be commenced within six months after rejection, "unless the claim is referred, as prescribed by law," but by the amendment the words quoted were omitted, and there was inserted in lieu thereof, "unless a written consent shall be filed * * * with the surrogate that said claim may be * * * determined by him upon the judicial settlement of the" executor's accounts "as provided by section 2743." The latter section relates to the decree to be made on a judicial settlement, and, prior to the amendment of 1895, provided that, where the validity of the debt was admitted or had "been established," the decree must determine to whom payable, and all other questions; and by the amendment of 1895 there was inserted after the word "established," "upon the accounting or other proceeding in Surrogate's Court." Held, that while, prior to the amendments, the surrogate had no jurisdiction to try disputed claims against an estate, the amendments gave him jurisdiction to determine such claims on the consent of the parties.

Appeal from Surrogate's Court, Livingston County.

Judicial proceedings on the settlement of the estate of John Hyland, deceased. From a decree of the surrogate in the matter of the claim of Margaret E. Clark against the estate, the claimant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Charles W. Stevens and Charles D. Newton, for appellant.
Sereno F. Adams and Fletcher C. Peck, for respondent.

WILLIAMS, J.   The decree should be reversed, with costs of this appeal.

The appellant held a note, alleged to have been given her by deceased in his lifetime, for $10,000, and made claim therein against the estate.   The executors refused to allow the claim on the ground that it was not a genuine, but a forged, note.   The claimant and the executors made and filed with the surrogate their written consent that the claim might be heard and determined by the surrogate upon the judicial settlement of the accounts of the executors pursuant to statute.   There have never been any proceedings instituted for such judicial settlement, but the surrogate nevertheless has assumed jurisdiction to take the evidence, and pass upon and disallow the claim.   It is contended that the surrogate had no jurisdiction to try and determine the matter, and that the decree made by him was therefore unauthorized and void.   Prior to the amendments in 1895 of the provisions of the Code of Civil Procedure (sections 1822 and 2743), a surrogate had no jurisdiction to try or determine disputed claims against an estate.   McNulty v. Hurd, 72 N. Y. 520;   Matter of Callahan's Estate, 152 N. Y. 320, 46 N. E. 486;   Matter of Edmonds, 47 App. Div. 229, 62 N. Y. Supp. 652.   And the consent of the parties did not confer jurisdiction, or estop a party from raising the question on appeal from the decision of the surrogate.   Matter of Walker, 136 N. Y. 20, 32 N. E. 633.   Section 1822 of the Code provides for the limitations of actions by a creditor on a rejected claim.   Prior to the amendment of 1895 the section provided, in effect, that the action must be commenced within six months after the rejection of the claim, "unless the claim is referred, as prescribed by law."   By the amendment in 1895 the words quoted, "unless," etc., were omitted, and there were inserted in place thereof the words "unless a written consent shall be filed by the respective parties with the surrogate that said claim may be heard and determined by him upon the judicial settlement of the accounts of said executor or administrator, as provided by section 2743."   Section 2743 relates to the decree to be made upon a judicial settlement, and prior to the amendment of 1895 it provided, among other things, "where the validity of the debt, claim or distributive share is admitted or has been established, the decree must determine, to whom it is payable, the sum to be paid by reason thereof, and all other questions concerning the same."   Under this language it was held that the surrogate had no jurisdiction to try and determine disputed claims against estates.   The claims had to be established in some other tribunal than before the surrogate.   By the amendment of 1895 the following words were inserted after the word "established":   "Upon the accounting or other proceeding in Surrogate's Court or other court of competent jurisdiction."   These amendments to these two sections were made by the same act, and should be considered together in determining what new jurisdiction was intended to be conferred upon the surrogate or his court in reference to the trial and determination of said disputed claims against estates.   So

84 N.Y.S.—41

considering the amendments, it is evident that it was intended to give the surrogate jurisdiction to try and determine such claims upon the judicial settlement of the accounts of the executor or administrator upon the written consent filed with him of the respective parties. What was intended by the words in the amendment of section 2743, "or other proceeding in Surrogate's Court," it is difficult to say. We are not prepared to hold that the intention was to confer jurisdiction to try and determine such claims in any cases other than these referred to in section 1822, and those were "upon the judicial settlement," etc., only. If the intention was to confer jurisdiction to try and determine such claims generally, when consent of the parties was. given, such intention would have been more clearly expressed, especially as it had been held that no jurisdiction to try and determine such claims existed at all prior to such amendments of 1895. Until then the policy of the law had been to withhold all jurisdiction from the surrogate and his court to try and determine disputed claims against estates. And even the jurisdiction conferred by these amendments was carefully limited to the judicial accountings, where all the parties interested in the estate were privileged to be present and to take part in the litigation, and even then to cases where the written consent by the parties to the exercise of such jurisdiction should be filed. Section 2472 of the Code was not changed in 1895, and therefore its provision can have no bearing upon the question here involved. In view of these suggestions, it would seem that these amendments should be strictly construed, and held to confer no new jurisdiction other than that clearly provided. We cannot, therefore, hold that the surrogate had jurisdiction to try and determine the disputed claim in question, even with the consent of the parties, at any other time than during the judicial settlement of the accounts of the executors of the estate. That settlement is a well-understood proceeding in Surrogate's Court, duly instituted, on notice to all parties interested in the estate; and no such proceeding has even been commenced, and none is now pending.

We conclude, therefore, that the decree appealed from was erroneously made, is void for want of jurisdiction, and should be reversed, with costs of this appeal, and remitted to Surrogate's Court for such further proceedings as may be proper. We refrain from considering or passing upon the merits of the controversy as to the disputed claim in question. All concur.