by v. Gordon, 177 U. S. 214, 227, 20 Sup. Ct. 603, 44 L. Ed. 741; Tilt v. Kelsey, 207 U. S. 43, 51, 59, 28 Sup. Ct. 1, 52 L. Ed. 95; Brigham v. Fayerweather, 140 Mass. 415, 416, 5 N. E. 265; Bowen v. Johnson, 5 R. I. 112, 73 Am. Dec. 51.

---

(62 Misc. Rep. 166.)

## In re SCHEETZ'S ESTATE.

(Surrogate's Court, Cattaraugus County.   January, 1909.)

1. EXECUTORS AND ADMINISTRATORS (§ 250*) — ALLOWANCE AND PAYMENT OF CLAIMS—PRESENTATION AND ALLOWANCE.

Though the Surrogate's Court has no jurisdiction to adjudicate the merits of claims presented against a decedent's estate, it has authority to determine whether they have been properly presented, allowed, or rejected.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 893; Dec. Dig. § 250.*]

2. EXECUTORS AND ADMINISTRATORS (§ 437*) — DISPUTED CLAIMS AGAINST ESTATE—TIME TO SUE.

Code Civ. Proc. § 1822, provides that, where a claim against a decedent's estate is disputed or rejected, claimant must sue thereon within six months, unless a written consent shall be filed with the surrogate that the claim may be heard on settlement of the accounts of the personal representative. Section 2718 provides that the personal representative may agree with the claimant to refer the claim to one or more disinterested persons, to be approved by the surrogate. An executor notified claimants that he doubted the validity of their claim, and offered to refer the matter pursuant to section 2718, but did not positively reject the claim. The attorneys for the respective parties agreed to refer the claim, but no referee was agreed upon; but the conduct of the parties and their attorneys indicated that none of them understood that the executor had taken any final action as to the claim. Held, that there was no such absolute rejection of the claim as to bring it under the operation of section 1822, so as to be barred after six months.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1758; Dec. Dig. § 437.*]

Proceedings for the judicial settlement of the account of the executor of the will of Miranda Scheetz, deceased. Certain claimants appeared and asked to have the status of their demands determined; the executor contending that they were barred by the short statute of limitations (Code Civ. Proc. § 1822). Finding for claimants.

W. W. Waring, for executor.
George E. Spring, for creditors.

DAVIE, S. The only controversy upon this accounting relates to the status of certain claims presented against the estate.

The will of decedent was admitted to probate February 26, 1906, and letters testamentary were issued upon the same day. Directly thereafter the executor began publication of notice to creditors. In September of the same year three claims, properly verified, aggregating $650, based upon promissory notes of the decedent, were duly presented to the executor, who thereupon caused a notice in writing to be served upon the claimants of which the following is a copy:

"Estate of Miranda Scheetz, Deceased.

"Please take notice that I doubt the justice or validity of your claim against the estate of Miranda Scheetz, deceased, both as to the execution and delivery of the alleged note and the lack of good and valuable consideration therefor, and hereby offer to enter into an agreement in writing with you to refer the matter in controversy to one or more disinterested persons to be approved by the surrogate of the county of Cattaraugus, N. Y., pursuant to the provisions of section 2718, Code of Civil Procedure.

"Dated Sept. 7th, 1906.

"Yours, etc.,　　　　　　　　　　　・　　　Orren F. Farrington,
　　　　"Executor of the Last Will, etc., of Miranda Scheetz, Deceased.
"To [naming claimant]."

These notices were served upon the 18th of September, 1906. Shortly after service of the notices the attorneys for the respective parties made an oral agreement to refer the claims under the statute. No referee, however, was agreed upon; the attorney for the executor asserting that he desired to confer with his counsel upon that subject. Some discussion then ensued as to which claim should be tried first. From time to time thereafter the subject of selecting a referee was considered between the attorneys; the situation relating thereto being more fully set forth in the portion of the evidence of the attorney then representing the executor, hereinafter quoted. On July 29, 1907, a legatee filed a petition for citation to the executor to show cause why he should not procure judicial settlement of the estate and pay petitioner's bequest. On the return day of the citation the executor appeared and filed the affidavit of his attorney, verified August 15, 1907, which, among other things, stated:

"Originally, Messrs. Curtis & Curtis of the village of Franklinville, aforesaid, appeared for each of said claimants; but George E. Spring of said village has been substituted for the claimant James Squires, and efforts have been made from time to time to agree upon a referee or referees to hear and decide upon the claims, but, so far, none has been agreed upon and said claims are now pending. That, from the peculiar circumstances surrounding said claims, deponent believes and has advised said executor and

others interested in the estate, including the petitioner in this proceeding, that the interests of said estate will be benefited, instead of jeopardized, by delay in the trials. Deponent further says that he has written Delia Harrison, the petitioner in this proceeding, several times, advising her of said claims, the action of the executor thereon, and generally the attitude and plans of deponent and said executor, and, in addition, has frequently given such information to one James Adams, a messenger of petitioner, and, until the service of the notice to show cause issued herein upon her petition and served upon said executor, had no knowledge or information that petitioner did not fully acquiesce in the management of said claims. That steps will be immediately taken on behalf of said executor to bring said claims to hearing and determination."

The proceedings on the citation to show cause were adjourned from time to time; and on the 19th day of November, 1908, the executor filed his petition for a judicial settlement of his accounts and citation was issued, and thereupon the two proceedings became merged. On the return day of the citation for settlement the executor appeared by W. W. Waring, and the claimants appeared by the said Spring and asked to have the status of these demands determined; the executor contending that they were barred by the short statute of limitations.

While the Surrogate's Court possesses no jurisdiction to adjudicate upon the merits of these claims, it has authority to determine whether they have been properly presented, allowed, or rejected. Potts v. Baldwin, 67 App. Div. 434, 74 N. Y. Supp. 655; Matter of Miles, 33 Misc. Rep. 147, 68 N. Y. Supp. 368, affirmed 170 N. Y. 75, 62 N. E. 1084; Matter of Von der Leith, 25 Misc. Rep. 255, 55 N. Y. Supp. 428. When a claim is properly presented to the representative of an estate, one of two conditions arises:

First, the representative possesses, or assumes to possess, sufficient information regarding the merits of the claim to justify him in allowing or absolutely rejecting the same. In case of rejection, if the claimant is dissatisfied with the action of the representative, his mode of procedure is defined by the provisions of section 1822 of the Code of Civil Procedure. This section provides:

"Where an executor or administrator disputes or rejects a claim against the estate of a decedent, exhibited to him, either before or after the commencement of the publication of a notice to creditors requiring the presentation of claims, as prescribed by law, unless a written consent shall be filed by the respective parties with the surrogate that said claims may be heard and determined by him upon judicial settlement of the accounts of said executor or administrator as provided by section 2743, the claimant must commence an action for the recovery thereof against the executor or administrator, within six months after the dispute or rejection, * * * in default whereof he, and all the persons claiming under him, are forever barred from maintaining such an action thereupon, and from every other remedy to enforce payment thereof out of decedent's property."

Or, second, the representative, while entertaining doubt regarding the validity of the claim, does not possess sufficient knowledge to justify him in absolutely allowing or rejecting the same. In such a case section 2718 of the Code defines the method of procedure. This section provides:

"If the executor or administrator doubts the justice of any such claim, he may enter into an agreement in writing with the claimant to refer the

matter in controversy to one or more disinterested persons, to be approved by the surrogate. On filing such agreement and approval in the office of the clerk of the supreme court in the county in which the parties or either of them reside, an order shall be entered by the clerk referring the matter in controversy to the person or persons so selected. On the entry of such order the proceedings shall become an action in the supreme court," etc.

These two sections are not to be read or construed together. They are entirely independent. They relate to entirely different conditions. The short statute of limitations springs from the operation of the provisions of section 1822, but not of section 2718; hence, if the provisions of the former section are applicable to this case, the claims are barred, no action having been commenced and no consent filed that the claims might be determined by the surrogate within the statutory period. If, on the contrary, the phraseology of the notices served, the conduct of the parties and their attorneys, and all the attendant circumstances indicate that it was the intention and understanding of the parties that these claims were to be disposed of in some legal manner, then the case is governed by the provisions of section 2718, and the claims are not barred.

The adjudicated cases agree that nothing short of an absolute, definitive, and unequivocal rejection of a claim will subject the same to the forfeitures provided for in section 1822 of the Code. In Hoyt v. Bonnett, 50 N. Y. 538, Allen, J., considering this proposition, says:

"To entitle an executor or administrator to the benefit of the short statute of limitations, by which one having a claim against the estate of a deceased person may be barred of his action and forfeit his claim, the representative of the estate must, in all essentials, comply with the statute creating the bar. Neither the statute nor the acts of executors or administrators under it are to receive a liberal interpretation or to be extended by implication beyond their natural and ordinary import. * * * Justice to the claimant, as well as the reasonable interpretation of the statute requires that the act of the executor or administrator, in disputing or rejecting the claim, which is to put the claimant to an action within the brief period prescribed upon pain of forfeiting his claim, should not be ambiguous or equivocal, capable of two interpretations, but decided, unequivocal, and absolute—such an act as will leave no reasonable doubt that the claim is definitively disputed or rejected, so that the claimant will be without excuse for not resorting to his action within the time required to save his claim."

This authority is cited in Ulster County Savings Inst. v. Young, 161 N. Y. 23, 55 N. E. 483, where Martin, J., in the opinion, says:

"The statute is penal in its character and should be strictly construed. * * * Before this statute can be invoked by a representative as a bar to the claim against the estate he represents, a notice requiring the presentation of claims must be published, a claim in writing must be presented to the executor or administrator, and it must be plainly disputed or rejected by him."

To the same effect are Potts v. Baldwin, 67 App. Div. 434, 74 N. Y. Supp. 655; Reynolds v. Collins, 3 Hill, 36; National Bank of Fishkill v. Speight, 47 N. Y. 668; Miller's Estate, 9 N. Y. Supp. 60; Calanan v. McClure, 47 Barb. 206.

The phraseology of the notice in this case merely expresses a doubt in the mind of the executor regarding the validity of the claims. It contains no words of positive final rejection; but, on the contrary, it expresses a willingness on the part of the executor to co-operate with the claimants in securing definitive judicial investigation of the merits of the claim. It makes no reference to section 1822 of the Code, but distinctly proposes that the claims be disposed of pursuant to the provisions of section 2718. The agreement of the attorneys to refer, the reasons presented by the executor's attorney for not immediately agreeing upon a referee, and the statements contained in the affidavit filed by the executor upon the return of citation to show cause, all plainly indicate that none of the parties understood that the executor had taken such final and definitive action regarding these claims as to bring them under the operation of section 1822 of the Code.

Under the conditions disclosed by the testimony of the executor's attorney, fully corroborated by the testimony of Mr. Curtis, the former attorney for the claimants, it would be unreasonable to hold that these claims were barred by the provisions of section 1822 of the Code. Matter of Eichman, 33 Misc. Rep. 322, 68 N. Y. Supp. 636. In the case last cited, the phraseology of the notice was substantially the same as the notices served in this case, and Abbott, S., held that it was insufficient to set the short statute running.

This proceeding will stand adjourned to February 11th, 11 a. m., and, if it then appears that legal proceedings have been instituted for the enforcement of these claims, the accounting will be stayed until final termination of such proceedings.

Decreed accordingly.