MARIE SCHUTZ, Respondent, *v.* JOSEPH MORETTE, Sole Executor, etc., Appellant.

A cause of action upon an account stated does not rest upon the obligation originally created when the items of indebtedness arose, but upon the agreement of the parties, made after the transactions constituting the account, that a certain balance remains due from one to the other, and the promise of the former to pay this balance; and so, it is unnecessary in an action upon an account stated to set forth in the complaint the subject-matter of the original debt.

*It seems*, that mere silence upon the part of an executor, to whom a claim against the estate he represents has been presented, may not be regarded as an admission of the claim, and so relieve the claimant from establishing it in the usual way, or put upon the estate the burden of affirmatively establishing mistake or error.

An executor can neither by his promise or acknowledgment, oral or written, revive a debt against the estate of his testator barred by the Statute of Limitations.

An acknowledgment of a debt by an executor will not, in the absence of an express promise to pay, take the case out of the statute.

The complaint in an action against an executor alleged, in substance, that plaintiff presented a duly verified claim, which was set forth in full, against the decedent's estate, to defendant, who acknowledged its receipt, and although he has had a reasonable opportunity to examine into its validity and fairness he has not disputed or rejected the same, but refuses to pay it. The claim on its face, in connection with other facts averred in the complaint, showed presumptively that a part at least was barred by the Statute of Limitations at the time of the death of the testatrix. Upon demurrer to the complaint, *held*, that it did not state a cause of action.

*Schutz* v. *Morette* (81 Hun, 518), reversed.

(Argued April 10, 1895; decided May 21, 1895.)

SICKELS—VOL. CI.      18

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made November 19, 1894, which affirmed an interlocutory judgment in favor of plaintiff entered upon an order of Special Term overruling a demurrer to the complaint.

The complaint in this action in substance alleged that Margaretha Metzger died leaving a will which was duly proved in the county of New York, where she resided, and that letters testamentary were issued to the defendant, Joseph Morette; that on or about December 5, 1892, said defendant caused notice to creditors to be published to present their claims on or before June 5, 1893; that on November 18, 1892, plaintiff presented to defendant a duly verified claim and that defendant acknowledged the receipt thereof; that said claim was as follows, viz. :

" CITY AND COUNTY OF NEW YORK, ss. :

" Marie Schutz, being duly sworn, says that she resides at No. 236 Sixth avenue, in the city of New York, and has a claim for the sum of one thousand dollars ($1,000) against the estate of Margaret Metzger, deceased, formerly a resident of No. 238 Sixth avenue, which she hereby presents to the executor of the will of said testatrix and demands payment thereof, the said claim growing out of the following facts, to-wit:

" At New York city and at the city of Saratoga, in the state of New York, this deponent rendered services to the said testatrix at her request, for which she promised and agreed to pay, which said services were so rendered to her at different times during a period of eight years last past, consisting of nursing and attendance both by day and at night, and the said services were fairly and reasonably worth the sum of one thousand ($1,000) dollars, no part of which has been paid.

　　　　　　　　　　　　　　　　　" M. SCHUTZ.

" Sworn to before me this 16th }
　　day of April, 1894.　　　　}

　　　　　　　　" FRANCIS W. JUDGE, JR.,
　　　　　　　　　　" Notary Public, N. Y. Co."

It was then alleged that although said defendant has had a reasonable opportunity for examination into the validity and fairness of the claim so presented, he has not disputed or rejected the same, and refuses to pay the same, or any part thereof.

Judgment was demanded against the defendant for the sum of $1,000, with interest thereon from February 1, 1892, besides costs.

The complaint was demurred to as not stating facts sufficient to constitute a cause of action.

*John S. Davenport* for appellant. Admitting that the theory of the decision is sound, to wit, than an executor's silence as to a claim presented to him is irrevocable and in itself constitutes a cause of action, the complaint is still demurrable for failure to allege such allowance or admission. (*Emory* v. *Pease*, 20 N. Y. 62; 2 Chitty Pl. 90; *Lent* v. *N. Y. & M. R. R. Co.*, 130 N. Y. 504.) The statement of claim as presented to the executor, and set out in full in the complaint, is sufficient to raise the question decided on this demurrer, *i. e.*, whether an undisputed claim must be deemed admitted irrevocably. (Code Civ. Pro. § 2718; *Bullin* v. *Johnson*, 111 N. Y. 204.) This action is against the executor in his representative capacity and the judgment binds the assets of the estate. The effect of the decision of the General Term is that if the executor was silent as to the claim, no defense can now be offered. (*Glaucer* v. *Fogel*, 88 N. Y. 434; *In re Strickland*, 1 Conn. 435; *Lockwood* v. *Thorn*, 11 N. Y. 170.) The theory of the statutory arrangements for the winding up of estates does not require any such rule as is claimed in this case. (Code Civ. Pro. § 2718; *In re Whitney*, 39 N. Y. S. R. 899; *Butler* v. *Johnson*, 111 N. Y. 204.)

*J. George Flammer* for respondent. A demurrer to a complaint for insufficiency can only be sustained when it appears that, admitting all the facts alleged, it presents no cause of action whatever. (*Marie* v. *Garrison*, 83 N. Y. 14.)

An unrejected claim acquires the character of a liquidated and undisputed debt against an estate. (*Lambert* v. *Craft*, 98 N. Y. 342; Code Civ. Pro. § 1822; *Hoyt* v. *Bennett*, 50 N. Y. 538; 32 Hun, 466; 98 id. 342.) Production of vouchers, verification of claim or presentation of affidavit of the claimant, stating what is justly due, that no payment has been made thereon and that there are no offsets against the same, is needless unless exacted by the executor. (Code Civ. Pro. § 2718; *Gansevoort* v. *Nelson*, 6 Hill, 389; *Budd* v. *Walker*, 29 Hun, 344.) The acquiescence of the parties must depend upon the special circumstances of each case in general. When a party indebted upon an account receives and retains it beyond such time as is reasonable under the circumstances, and according to the usage of the business, for examining and returning it, without communicating any objections, he is considered to acquiesce in its correctness, and he becomes bound by it as an account stated. Signature to the account or express admission is not necessary. (*Knickerbocker* v. *Gould*, 115 N. Y. 533; *Lockwood* v. *Thorne*, 18 id. 285; *Champion* v. *Joslyn*, 44 id. 653; *Stenton* v. *Jerome*, 54 id. 480; *Quincy* v. *White*, 63 id. 370; *Guernsey* v. *Rexford*, Id. 631.)

ANDREWS, Ch. J. The authorities establish that an executor or administrator may state an account of dealings of the testator or intestate, and that an action or an *insimul computassent* may be maintained against him in his representative character to recover a claim ascertained and adjusted on such accounting. (*Segar* v. *Atkinson*, 1 H. Bl. 103; *Ashby* v. *Ashby*, 7 B. & C. 444.) When the account relates to transactions between the executor or administrator and another party, upon claims not existing at the death of the decedent, although they grow out of matters connected with administration, the action lies only against the executor or administrator personally. In the one case the judgment is *de bonis testatoris*, and in the other *de bonis propriis*. (*Reynolds* v. *Reynolds*, 3 Wend. 244; *Gillet* v. *Hutchinson's Admrs.*, 24

id. 184.)  The complaint is not demurrable, therefore, on the ground that an action on an account stated will not lie against an executor in his representative character upon an accounting between him and the plaintiff.  It is important, however, in determining whether the complaint states a cause of action upon an account stated, to consider the essential characteristics of that liability.  The cause of action in such case is not the obligation originally created when the items of indebtedness arose.  It is the agreement of the parties made after the transactions constituting the account that a certain balance remains due from the one to the other, and a promise of the party found to be indebted to pay to the other the sum so ascertained, and in suing in this form of action it is unnecessary for the plaintiff to set forth the subject-matter of the original debt.  (1 Ch. Pld. 358.)  The doctrine of account stated, and the remedy thereon, is said to have been founded originally on the practice of merchants (*Sherman* v. *Sherman*, 2 Vern. 276), but its scope has been extended so as to embrace an account with items on one side only, and when the transaction has no relation to trade and there were no mutual dealings.  The stating of an account is in the nature of a new promise.  (*Holmes* v. *D' Camp*, 1 Jo. 34.)  The complaint in this action neither avers that an accounting has been had between the parties in respect of the alleged debt set forth in the verified claim presented to the defendant, nor that any balance was ascertained or found to be due from the testatrix to the plaintiff, nor that the defendant had promised to pay any amount whatever, nor are there any averments of equivalent import.  (See form of count, 2 Ch. Pld. 90.)  These essential facts are left to be inferred from the allegations that the verified claim set forth had been presented to the defendant . pursuant to notice, and that, although a reasonable opportunity for examination into its validity was had, the executor had not disputed or rejected it. The complaint is based upon the assumption that an omission by an executor to reject or dispute a claim presented to him against the estate he represents, pursuant to notice, justifies an

inference of all the facts which are essential to constitute a cause of action on an account stated. It is true that under the present system of pleading a complaint on demurrer is deemed to allege what can be implied by reasonable intendment from the allegations therein. (*Marie* v. *Garrison*, 83 N. Y. 14.) But this does not, we conceive, help the plaintiff. The doctrine that an account rendered becomes an account stated after the lapse of a reasonable time for examination by the party against whom it is rendered, and he makes no objection, is, in general, founded upon a just inference that a party against whom a claim is made will dispute it, if incorrect or unfounded. His silence operates as an admission of the correctness of the account and *prima facie* establishes the claim in favor of the party presenting it. (*Lockwood* v. *Thorne*, 18 N. Y. 285.) But the doctrine has, from the nature of the case, a much more restricted application when the plaintiff relies upon the silence of an executor to whom a claim against the estate he represents has been presented. He is not presumed to be personally cognizant of the transactions out of which the claim arose. It would subject the estates of decedents to great danger if mere silence of the executor should be regarded as an admission of a claim presented, and relieve the claimant from establishing it in the ordinary way, and put upon the estate the burden of affirmatively establishing mistake or error. The office of executor or administrator is one exceedingly necessary and useful, and must, in frequent instances, be assumed by persons unskilled in legal matters, and to infer from mere silence on the part of the executor or administrator an agreement that the claim was just and a promise to pay it would often contradict the real intention and tend to subject estates of decedents to the payment of unfounded claims.

In the present case, even if the general rule was applicable, the nature of the claim presented to the executor rebuts any inference of assent by the executor to its correctness, arising from mere silence, and prevents any implication from such silence of a promise on his part to pay the claim presented.

The claim on its face, in connection with other facts averred in the complaint, shows presumptively that in part, at least (and for all that appears it may be the greater part), was barred by the Statute of Limitations at the death of the testatrix. An executor can neither by his promise or acknowledgment, oral or written, revive a debt against the estate of his testator barred by the Statute of Limitations (*Bloodgood* v. *Bruen*, 8 N. Y. 362), and against a claim so barred he is bound to plead the statute. (*Butler* v. *Johnson*, 111 N. Y. 204.) In view of the power and duty of an executor or administrator, the inference from his silence merely of an agreement on his part to pay a debt so situated, would be unreasonable. The implication of such a promise would place him in the position of agreeing to do what would be a plain violation of his official duty. It was held in *Young, Admr.*, v. *Hill* (67 N. Y. 163), which was a claim in part to recover compound interest based on an account stated, that if from the account rendered " it appears that any of the charges are not in law or equity proper claims, no promise to pay a balance into which they enter can be implied." It is no answer to the point that the executor when sued would not be precluded from pleading the statute. The question is whether assent of the executor to the correctness of the account and a promise to pay the claim as presented, can be implied from its presentation and retention, and his subsequent silence. We think no such implication is permissible. It has been held in many cases that an acknowledgment of a debt by an executor or administrator, in the absence of an express promise to pay, will not take a case out of the Statute of Limitations. Where a debtor is sued for his own debt the law infers from an acknowledgment a promise to pay, upon which an action lies. But in case of an executor or administrator the promise must be express, and will not be implied from an acknowledgment merely. (*Tullock* v. *Dunn*, Ry. & Mood. 416; *Thompson* v. *Peter*, 12 Wheat. 565; *Fritz* v. *Thomas*, 1 Whart. 66; Angell on Lim. sec. 261 *et seq.*) In the present case no express promise is averred, but the pleader leaves it to

be inferred that the debt was settled and adjusted and a promise was made to pay by the executor, from his inaction merely, and this although it presumptively appears that a portion of the claim presented was unenforcible by reason of the statute. The statutory system for the presentation and adjustment of claims against the estate of a decedent furnishes a summary and inexpensive method by which claims can be adjusted without action, or by reference. The executor or administrator may, on being satisfied of the justice of a claim presented, admit it, or, if he doubts its justness, may reject it and leave the creditor to his remedy by action if a reference is not agreed upon. But the presentation of a claim, followed by inaction, the executor or administrator neither admitting nor rejecting it, does not, we think, dind the estate as upon an account stated. It may be justly claimed that the executor or administrator ought, in the fair discharge of his duty both to the creditor and to the estate, to examine the claim within a reasonable time and make known his position in respect to it. But it would be hazardous, in view of the ignorance or inexperience of the persons called upon to act as executors or administrators, to construe mere silence on his part as an admission that the claim was a valid one. The creditor must see to it that the claim is admitted and allowed by the executor or administrator, and an implied admission from silence is not sufficient. In *Reynolds, Admr.,* v. *Collins* (3 Hill, 36) it was held that the presentation of a claim under the statute does not bar the running of the Statute of Limitations, and if the executor neither allows nor rejects it, the creditor " must take care to have the matter adjusted or commence his action within the period of the statute or he will be too late."

We think the demurrer to the complaint was well taken and the judgments below should be reversed, with costs, with leave to the plaintiff to amend her complaint if so advised.

All concur.

Judgments reversed.