BARRETT, J.
—The plaintiff’s cause of action is well pleaded The only objection upon the merits which the defendant takes to it is the failure to allege nonpayment to the assignors between the decedent’s death and the assignment. Even if the rule that payment is a defense, and must be pleaded were inapplicable, tue plaintiff sufficiently meets the objection. He alleges that no part of the sum in question was ever paid to him by any one, or was ever jiaid to the assignors by the decedent. He further alleges that the defendant, upon presentation of this, claim, duly vertilied rejected it. This was quite sufficient, and the objection is hypercritical. The real question is with regard to the statute of limitations. The learned judge at circuit erred upon this head. lie should not have dismissed the complaint without permitting the plaintiff to prove his claim. The complaint unquestionably states a good cause of action. Prima facie, it was barred by the statute. 'Whether it was conclusively barred depended upon such proof as the plaintiff might have offered in avoidance. .Nothing is better
settled than that anticipatory matter in avoidance of the statute need not, and should not, be stated in complaint. Sands v. St. Johns, 36 Barb. 628, which was affirmed in the court of appeals (see 29 How. Prac. 574, note); The statute must invariably be pleaded by the defendant. Code Civ. Proc. § 413. This rale applies to an executor or administrator, quite the same as to a living debtor. Hayden v. Pierce, 144 N. Y. 517; 64 St. Rep. 42. The only distinction is this: The living debtor may waive the statute, while an executor may not; it is the latter’s duty to plead the statute. If he violate that duty, he will not be allowed, in his accounting, any sum. paid upon a debt which, at the time of payment, was barred. Butler v. Johnson, 111 N. Y. 212; 19 St. Rep. 85. There is nothing in the case of Schutz v. Morette, 146 N. Y. 137; 66 St. Rep. 271, which militates against this rule. There the facts constituting the origieal cause of action against the deceased were not stated. The plaintiff simply pleaded the presentation to the executor of her verified claim against the estate, and relied upon this, coupled witli the executor’s subsequent silence, as affecting an account stated between herself and the estate. What the court held was that the executor’s inaction with regard to this verified claim was not an admission of its justice, especially as as part of it seemed to be prima facie barred by the statute and that consequently, it could not, merely because of its retention and the executor’s silence, ripen into an account stated which, would bind the estate. All that the court said regarding the statute was that any inference oí affirmative assent by the executor was rebutted by the fact that the claim, on .its face, showed presumptively that, in part at least, it was barred. Consequently, such consent would have been a violation of the executor’s duty to plead the statute. In this connection, Audreys, C. J., referred *588 to the rule tlr/it, against a claim, so barred, the executor is bound to plead the statute. 146 N. Y. 137; 66 St. Rep. 271. There is not the slghtest intimation that the ordinary rule of pleading on this head is inapplicable to claims against decedent’s estates.
The judgment should be reversed, ánd a new trial ordered,, with costs to the appellant to abide the event.
All concur.