In re VAN VOORHEES' ESTATE. In re DATER. In re MANUFACTUR-
ERS' BANK OF COHOES.

(Surrogate's Court, Saratoga County. June, 1907.)

1. ADMINISTRATORS—PRESENTATION OF CLAIM—LIMITATIONS — RIGHT TO AC-
COUNTING.

Where claimant presented a note against the estate of a decedent to his administratrix before it was barred by limitations, the omission of the administratrix to reject it did not stay the running of limitations, and, where seven years and six months from the time the note became due expired without any action thereon, the holder cannot compel the representatives of the decedent to render an account under Code Civ. Proc. § 2726, nor obtain a decree for payment of the claim under section 2722.

2. SAME—DEFENSES TO CLAIM.

Where one attempts to establish a claim as creditor of an estate, the administratrix must interpose every available defense, including the statute of limitations.

In the matter of the estate of Melbern Van Voorhees. Petition by Mary P. Dater, executrix, praying for a judicial settlement of the accounts of the administrators and petition by the Manufacturers' Bank of Cohoes, N. Y., asking for the same relief. Petitions dismissed.

The petitions did not disclose the amount or nature of the claims, and, objection having been made to them, for this reason petitioners were permitted to file amended petitions, and on May 27, 1907, filed instruments "for amendment and in addition to the petition" past filed. Said amendment to the Dater petition, among other things, alleges the death of Urias Dater on December 5, 1897, and the probate of his will on January 10, 1898, and the qualification of petitioner as executrix thereof; that Melbern Van Voorhees died March 12, 1897; that on March 17, 1897, letters of administration upon his estate were granted to Belle C. Van Voorhees, his widow; that she took possession of his personal estate, filed an inventory and advertised for presentation of claims against his estate, and that, before the expiration of the time named in said notice for the presentation of claims, said Urias Dater presented a verified written claim against the estate of said Melbern, upon a promissory note made by said Melbern and delivered to said Urias April 14, 1892, whereby said Melbern promised to pay to said Urias $600, with interest, one day from date thereof, upon which said note interest was paid and indorsed for four years; that Belle C. Van Voorhees, administratrix of Melbern, died December 18, 1905, leaving a large portion of the personal estate unadministered; that on July 24, 1905, letters of administration de bonis non upon said estate were issued to Mary Wetsel and Thomas F. Bryer; that no part of said claim has been paid, and that the estate of said Melbern is indebted to the estate of said Urias Dater to the amount of said claim; that, after the appointment of said Wetsel and Bryer as such administrators de bonis non, said claim which had been delivered to the said Belle C. Van Voorhees, administratrix, came to their possession; that said claim has never been disputed, or rejected; and that the said Bryer and Wetsel have in their possession a large amount of assets left unadministered by the said Belle C. Van Voorhees, administratrix.

The amendment to the petition of the Manufacturers' Bank of Cohoes alleges substantially the same facts with reference to the administration of the estate of Melbern Van Voorhees as were alleged in the Dater petition, and alleges that the estate of said Melbern was indebted to said bank upon two promissory notes—one made by said Melbern, dated January 6, 1897, for $200, payable to said bank 3 months after date, and the other by Hiram A. Champion, dated May 10, 1897, for $200, payable to the order of said Melbern at said bank 30 days after date and indorsed by said Melbern—and that said note was owned by said bank at the time of said Melbern's death, and alleges due protest of said note, etc., and the insolvency of said Champion. It also alleges the presentation of the claim for said notes to said Belle Van Voorhees, as administratrix, within the time mentioned in notice published by her for the presentation of claims, and that said claim had not been in any manner disputed or rejected.

Mary Wetsel, individually and as administratrix, and Thomas F. Bryer, as administrator de bonis non of said Melbern, answered the Dater petition, alleging that said Melbern left him surviving his widow, Belle C. Van Voorhees, who was his second wife, and by whom he had no issue, and said Mary Wetsel, his only child; that he had a former wife, Esther Van Voorhees, mother of said Mary Wetsel; that said Esther died about the 28th of October, 1887, leaving a will, which was thereafter probated in Saratoga county, N. Y., by which she bequeathed a legacy of $1,700 to said Mary Wetsel, and one of $1,000 to her grandson, Leonard Wetsel, the son of said Mary, and that said Melbern was appointed sole executor and entered upon the discharge of his duties and never had made any account of his proceedings as such; that said Belle Van Voorhees, having been appointed administratrix of said Melbern, substantially as alleged in the petition, died December 18, 1904, without having rendered any account as such administratrix; that said Esther Van Voorhees was seised at her death of a certain bond and mortgage, made by George J. Wilsey and wife to her, of the value of $4,000, which funds came to the of said Melbern as her executor, and that he never rendered any ac-

count of his proceedings as her executor; that about March 31, 1897, Leonard Wetsel was appointed administrator cum testamento annexo of said Esther and still continues as such; that, about May 15, 1897, said Leonard Wetsel, as such administrator cum testamento annexo of said Esther, filed his petition in the Surrogate's Court of Saratoga county, praying for an accounting by said Belle C. Van Voorhees, as administratrix of Melbern, and for a delivery over of the moneys and property belonging to the estate of said Esther to said Leonard as such administrator, but that no such accounting was ever made in said court; that about March 27, 1905, John R. McElroy was appointed administrator of the said Belle C. Van Voorhees and is still acting as such; that, after the appointment of said Wetsel and Bryer as administrators de bonis non of said Melbern, they instituted a proceeding in said Surrogate's Court for an accounting by said McElroy as administrator of Belle C. Van Voorhees as to the property or assets belonging to the estate of said Melbern, and on April 26, 1906, a decree was made by said court adjudging that said Wetsel and Bryer, as administrators de bonis non of said Melbern, were entitled to $2,310.05 then in the hands of said McElroy as administrator of said Belle C. Van Voorhees; that $1,700 thereof has been paid over to them by said McElroy; that, when said Belle C. Van Voorhees, was appointed administratrix of said Melbern, her verified petition alleged the value of the personal property of said Melbern to be $5,000; that it appears from the petition for the appointment of said McElroy as administrator of Belle C. Van Voorhees, and from the inventory of her estate, filed by him July 6, 1905, that the assets of her estate amounted to between $11,000 and $12,000; that said Wetsel and Bryer as administrators de bonis non of said Melbern published a notice to creditors to present claims against said estate to them, and that several claims have been presented, but no claim pursuant to such notice has been presented by said Dater, but that there came to their hands, among other papers, from the attorney for said Belle C. Van Voorhees, administratrix, a paper purporting to be an alleged claim against the estate of said Melbern in favor of said Urias Dater for $600 and interest upon the promissory note, alleged in the petition, and which said note was dated April 14, 1892, and upon which are indorsements alleged to be for interest claimed to have been paid to April 14, 1896, the last of said indorsements being July 20, 1896, for several years' interest due April 14, 1896; that no claim by the said Mary P. Dater has ever been presented to said Wetsel and Bryer, or in any manner come to them, except the alleged claim found among the papers; that April 14, 1896, the time to which interest is alleged to have been indorsed as paid to the commencement of these proceedings, March 14, 1897, 8 years, 6 months, and 20 days, exclusive of 18 months elapsed after the alleged claim was due, and the right to sue thereon had accrued, and that, excluding from the computation the time which elapsed since the accruing of the petitioner's alleged claim, if any, the period of 18 months which elapsed since the death of the said Melbern Van Voorhees, the petitioner's alleged claim did not accrue within 6 years next before the commencement of this proceeding and the claim is barred by the statute of limitation; "that, by reason of the facts and matters aforesaid, the said administratrix and administrator de bonis non hereby deny the validity and legality of the petitioner's alleged claim and dispute and reject the same." For a further answer the said Wetsel and Bryer allege that the right of petitioner to compel an accounting against the estate of said Melbern accrued more than six years before the presentation of her petition, and is barred by the statute of limitations.

They further allege that said Mary Wetsel and the said Leonard Wetsel, legatees under the will of said Esther Van Voorhees, and said Leonard Wetsel, as administrator cum testamento annexo of said Esther, claim that the said Leonard as such administrator cum testamento annexo of said Esther should have been made a party to said accounting had by the administrator of Belle C. Van Voorhees, the deceased administratrix of said executor of said Esther, and that it should be ascertained and determined what amount of moneys should be adjudged to belong to the estate of said Melbern in his capacity as such executor, and what amount his estate is entitled to thereof as his individual assets, and that said Leonard as such administrator cum testamento annexo of said Esther was not a party to said proceedings, and now

claims to be entitled to have it determined as between him as such administrator and the representatives of the estate of said Melbern before any disposition of such distribution is made herein, and that among the papers delivered to said representatives of said Melbern's estate were quite a number of similar alleged claims against the estate of said Melbern, and if they were finally determined, with the other claims presented as aforesaid, to be legal and valid claims against said estate, the assets of said estate would be insufficient to pay petitioner's claim, if it should be valid, without injuriously affecting the rights of others entitled to priority or equality of payment.

A similar answer was interposed with reference to the claim of the Manufacturers' Bank of Cohoes.

C. A. Waldron, for petitioner Dater, and for petitioner Manufacturers' Bank of Cohoes.

Robert Frazier (J. A. Cipperly, of counsel), for Mary Wetsel, individually, and for Wetsel & Bryer, as administrators de bonis non of Melbern Van Voorhees.

OSTRANDER, S. The prayers of the petitions are two-fold: (1) That Melbern's representatives render an account, a proceeding under section 2726 of the Code of Civil Procedure. (2) That they be directed to pay petitioner's claim, a proceeding under section 2722, Code Civ. Proc. Either proceeding may be set in motion by a creditor, and neither petitioner has any standing in this matter, except as a creditor.

As a defense to both branches of the petition, it is claimed by the representatives of Melbern that the claims are barred by the statute of limitations, and that the remedies are similarly barred, even though the claims had been established. As a further defense to so much of the proceedings as are founded upon section 2722, it is claimed by the administrators that their answers set forth facts which show that it is doubtful whether the petitioner's claims are valid and legal, and deny their validity, and also that there is not property of the estate which may be applied to payment of petitioner's claims without injuriously affecting the rights of others entitled to prior or equal payment. If the claims are barred by the statute of limitations, this puts an end to the rights of petitioners as creditors of the estate, and ends the matter. Likewise, if the claims were established, but the statute has run against the remedy by accounting or for payment, there is an end of the case.

It is not asserted that there is any invalidity of the claims, except in so far as they are barred by lapse of time; and, if they be not be so barred, we come, so far as the proceeding under section 2722 is concerned, to a question of fact, whether there is sufficient property of the estate to meet these claims, without injury to others similarly situated. Are the claims barred?

As to the Dater claim: April 14, 1892, Melbern Van Voorhees made the $600 note, which fell due April 15–18, 1892. July 20, 1896, interest was indorsed (as the claim was verified by Dater August 14, 1897, within six years from the date of the note, showing this indorsement, the indorsement was against his interest and is competent evidence). March 10, 1897, Melbern died. March 16, 1897, Belle C. Van Voorhees was appointed administratrix. December 18, 1904, Belle C. Van Voorhees died. July 24, 1905, Mary Wetsel and Bryer were appointed administrators de bonis non. March 14, 1907, this proceeding was commenced. Between the last payment of interest and

Melbern's death, 7 months and 20 days elapsed. From Melbern's death till Belle's death, 7 years, 9 months, 8 days elapsed, and from Melbern's death to the commencement of this proceeding, 10 years, 4 days elapsed.

As to the claim of the Manufacturers' Bank: April 6–9, 1897, one $200 note fell due, and from then till Belle C.'s death was 7 years, 8 months, 9 days; and from the due date of said note to the commencement of this proceeding, 9 years, 11 months, 5 days intervened. April 10–13, 1897, the other $200 note fell due. From then till Belle C.'s death was 7 years, 8 months, 8 days; and until the commencement of this proceeding was 9 years, 11 months, 4 days. The statute had begun to run against the Dater claim before Melbern's death, and continued to run thereafter, except so far as it was stayed by the provisions of section 403 of the Code, by which 18 months after the death of Melbern is declared to be no part of the time limited for the commencement of an action against the administrator. Hall v. Brennan, 140 N. Y. 409, 35 N. E. 663; Riley v. Riley, 141 N. Y. 409, 36 N. E. 398. On January 20, 1904, 7 years and 6 months had elapsed since the Dater note fell due. Belle C. Van Voorhees, administratrix of Melbern, was then living and acting, and on that date action upon this note against the estate became barred unless it was saved by some further provision of law. Upon this argument, it was claimed by petitioner's counsel that the Dater claim was presented to Belle C. as administratrix, and never rejected by her, and that it thereby became an established claim against the estate. There is nothing in the pleadings to show when it was presented to her, whether before or after seven years and six months had elapsed since the death of Melbern. An examination of the records of the surrogate's office fails to disclose any order for the publication of a notice to creditors by said Belle C. as such administratrix as required by section 2718 of the Code of Civil Procedure. It was held in Cotter v. Quinlan, 2 Dem. 29, that a payment or written acknowledgment or promise to pay signed by the representatives is the only competent evidence of a new or continuing contract whereby to take the case out of the statute of limitations. See, also, Schutz v. Morette, 146 N. Y. 137, 40 N. E. 780. There is no allegation that Belle C. or any representative of Melbern did more than to receive the claim presented and remain quiescent concerning it. It has been frequently held that mere silence on the part of the representatives does not authorize the inference that the claim has been admitted. Redf. Surr. Pr. § 648, and cases cited; Matter of Pierson, 19 App. Div. 478–479, 46 N. Y. Supp. 557; Matter of Callahan, 152 N. Y. 320, 46 N. E. 486; Schutz v. Morette, 146 N. Y. 137–143, 40 N. E. 780; Matter of Edmonds, 47 App. Div. 229, 62 N. Y. Supp. 652. See, also, Cotter v. Quinlan, 2 Dem. 29–36. Nothing having occurred to suspend the running of the statute of limitations, the Dater note was barred as a claim against the estate of Melbern on January 20, 1904; and, after that date, neither Belle C. as administratrix nor any other representative of Melbern had any authority to revive it as a claim against his estate, but it became the duty of said Belle C. and her successors to interpose the defense of the statute of limitations to it.

It is contended by petitioners that the representatives of Melbern were trustees for the creditors, and that by receiving and failing to reject the claim Belle C., as such administratrix, ipso facto, appropriated so much of the estate to the payment of the claim, and that, as she was a trustee, the statute would not commence to run against her or her successors until she or they repudiated the trust. This contention assumes that her failure expressly to reject the claim amounted to its establishment, and suspended the statute of limitations, a proposition which I cannot indorse. An administrator is not solely a trustee for creditors, but represents also the next of kin, who can insist on his interposing every legal defense to any alleged claim against the estate. Cotter v. Quinlan, 2 Dem. 29. See, also, Matter of Miller, 15 Misc. Rep. 556, 562, 37 N. Y. Supp. 1129. There is a broad distinction between the establishment of a right to participate at all, as a creditor, in an estate, and the right to maintain a proceeding for an accounting by the administrator at the instance of one whose rights as a creditor are established. To an attempt at the establishment of the status of creditor it is the duty of the representative to interpose every defense legally available, including the statute of limitations. Whether, when once this right is established, a statute of limitations begins to run in favor of the administrator before he has repudiated his trust, is a question which need not be decided here, although many cases so hold. Matter of Kirkpatrick, 9 Misc. Rep. 228, 30 N. Y. Supp. 283; Matter of Miller, 15 Misc. Rep. 556, 37 N. Y. Supp. 1129; Matter of Boylan, 25 Misc. Rep. 281, 55 N. Y. Supp. 426; Matter of Cruikshank, 40 Misc. Rep. 325, 81 N. Y. Supp. 1029; Matter of Rogers, 153 N. Y. 316–322, 47 N. E. 589.

Numerous cases are cited by the petitioners in which the representative was the trustee of an express trust, as testamentary trustee, or in which the rights of next of kin were involved, where he had received property of the estate and resisted an accounting, in which it was held that the statute of limitations began to run only upon his repudiation of the trust. But in this case Dater's claim against the estate was barred, he never established the status of creditor, and his representative can have no standing to call the administrators to account; and it follows that the petition must be dismissed.

Substantially the same conditions exist in reference to the claim of the Manufacturers' Bank of Cohoes, and a similar disposition should be made of that case.

Petitions dismissed, with costs.