(125 App. Div. 615.)

COOMBS et al. v. JOERG.

(Supreme Court, Appellate Division, Second Department. April 24, 1908.)

EXECUTORS AND ADMINISTRATORS—ALLOWANCE OF CLAIMS—DISPUTED CLAIMS —CONTEST.

Where a creditor presented to an executor a bill for services rendered to the decedent, the retention of such bill without question or positive action is not an implied admission of the claim that will preclude a contest by the executor.

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Samuel H. Coombs and another against Herman Joerg, executor. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Charles F. Moody, for appellant.
Robert H. Wilson, for respondents.

JENKS, J. Conceding that the bill of the plaintiffs was rendered to the defendant as executor of Mary E. Loughran, yet I think that the direction of the verdict for the plaintiffs was error. The bill was for services rendered to Mary E. Loughran. The plaintiffs contended that proof of the rendition of this bill to the defendant as executor, and of his retention of the bill without question or criticism or positive action, and marked by a lapse of time, made out a prima facie case. The court so held, and directed a verdict on the failure of the defendant to offer proof in dispute of the facts which I have stated.

As between the parties to the transaction—"the original parties"— the delivery of a bill by the creditor, followed by the silence of the debtor, may, when accompanied by a lapse of time, be prima facie evidence of the justice of the claim. This rule rests upon the principle of an admission implied from silence. But such silence must be the silence of knowledge. Shaw, C. J., in Commonwealth v. Kenney, 12 Metc. (Mass.) 235, 46 Am. Dec. 672, well discusses this element, saying that the principle of tacit admission depends on two facts:

"Secondly. Whether the truth of the facts embraced in the statement is within his own knowledge, or not. * * * So, if the matter is of something not within his knowledge, or if the statement is made by a stranger, whom he is not called on to notice, or if he is restrained by fear, by doubts of his rights, by a belief that his security will be best promoted by his silence, then no inference of assent can be drawn from that silence."

But in the case of an executor, his own knowledge of the justice of a bill for services rendered to his testator cannot be presumed to exist, and hence the rule of implied admission should not have obtained in this case. See Schutz v. Morette, 146 N. Y., at page 142, 40 N. E. 780. I do not understand the Matter of Callahan's Estate, 152 N. Y. 320, 46 N. E. 486, to the contrary. The court, after saying that it had considered the general subject in Schutz v. Morette, supra, reiterated that mere silence of the executor, accompanied by lapse of time, would not preclude the executor from contest of the claim. And it further said:

"But the claim does not become established from mere silence of the executor or administrator."

The danger of the application of the principle of admission inferred from silence to the case of the presentation of claims to an executor had been pointed out in a preceding paragraph of the opinion. The court but held in that case that when a claim has been presented, and not rejected, and upon accounting no objection was made, then the surrogate could regard the claim as admitted. Such a condition is quite different from that presented by the mere rendition of a bill, followed by silence, whereupon an action is brought. When a claim is presented as such pursuant to the statute, the executor may require

satisfactory proof thereof by voucher and by affidavit, and of no off-sets, and he may enter into agreement for a reference thereof. If, however, it is not rejected or is not referred, but finally comes up on the accounting, presented as a valid claim, and then no objection is taken, much more can be inferred from the continued silence or omission of the executor than could be in the case of the mere presentation of a bill.

The judgment must be reversed, and a new trial must be ordered; costs to abide the event. All concur.