Matter of the Judicial Settlement of the Accounts of ELIAS FINGAR, as Surviving Executor, etc., of CHRISTINA LINK, Deceased.

(Surrogate's Court, Columbia County, November, 1917.)

Statute of Limitations — what sufficient to stop running of — executors and administrators — Code Civ. Pro. § 382(1).
Evidence — documentary — witness — Code Civ. Pro. § 829.

Where letters testamentary upon the estate of one who died December 23, 1905, were not issued until July 17, 1908, and a claim against the estate for services rendered to the decedent covering a period up to January 11, 1905, and presented to the executor January 11, 1911, was not rejected until June 18, 1915, after the commencement of the proceeding for the judicial settlement of his accounts, an admission of the validity of the claim contained in a conversation between the claimant and the executor's attorney, as to which there was no contradiction, was sufficient to stop the running of the six-year Statute of Limitations under section 382(1) of the Code of Civil Procedure.

Items of disbursements made by claimant properly proven by testimony, free from objection under section 829 of the Code of Civil Procedure and properly corroborated by disinterested witnesses or by documentary evidence, allowed.

PROCEEDING upon the judicial settlement of the accounts of a surviving executor.

Stephen F. Avery, for executor.

Elmer S. Luckenbach, for Courtney V. Post, claimant.

· F. J. Collier, for Thomas F. Dusenberre and Stephen F. Avery, as executors of Catherine Van Deusen, deceased legatee.

WHITBECK, S.   Trial of rejected claim upon accounting.   This claim is for services rendered to the decedent for care and attention, for attending to her business matters and for disbursements connected therewith; it was verified January 11, 1911.  I find nothing in the account, or in the evidence, or in the case, as to when this claim was presented to the executor except that in the brief submitted on behalf of the legatee it is stated that the claim was presented on January 11, 1911.  The decedent died December 23, 1905, and letters testamentary were issued July 17, 1908.  The petition in this proceeding, made and verified by the executor, was filed in the surrogate's office of this county on May 27, 1915, and citation was issued returnable on the 11th day ·of· June, 1915, and as appears from the proof of service of citation on file the citation was served on the claimant June 3, 1915. The claim herein was not rejected until June 18, 1915.

This proceeding was, therefore, commenced on May 27, 1915.  See Code Civ. Pro. § 2518.  Much testimony has been presented regarding the merits of this claim, but before considering the merits I must first examine the preliminary question raised by those defending this estate against this claim.

It appears that this claim was not rejected until after this accounting proceeding was commenced and the defense is urged and was urged at the beginning of this trial that the Statute of Limitations has run against this claim and constituted an absolute bar to its allowance even if proven.

This claim covered a period up to January 11, 1905, consequently this may be taken as the latest date when

Surrogate's Court, Columbia County, November, 1917.   [Vol. 101.

claimant's right of action thereon accrued. By the provisions of section 403 of the Code of Civil Procedure by adding eighteen months — the time within which an action might have been brought was extended to July 11, 1906. The six-year Statute of Limitations (provided for in subdivision 1 of section 382 of the Code of Civil Procedure and which is applicable here) would then bar the prosecution of this claim after July 11, 1912. But the claimant contends that as the claim was presented in time and not rejected until after this proceeding was commenced he was under no obligation to actively pursue his legal remedies and that by the failure of the executor to reject the claim he has in legal effect admitted it. Claimant also points to evidence of a conversation had between the claimant and the attorney for the executor as testified to by claimant, as follows: " Q. Go on. A. I told him that I would like to have the burying plot dug up and graded off and I told him I would like to have a deposit made for the maintenance of the burial plot, and he said after my bill was paid and other bills was paid he did not know that there would be money enough,'' and argues that this was an actual admission of the claim and a promise to pay it.

While the two leading cases in the Court of Appeals in this state are often cited and referred to as authority on the question here, it does not appear to me that they involve similar circumstances as are involved here. In both of those cases the actions were on accounts stated and in those cases the court properly held that mere silence on the part of the legal representative after presentation of a claim did not constitute it an account stated. That is quite a different proposition — for if it should create an account stated there is no defense available as to the merits of the claim itself. But here the question is only as to

whether the Statute of Limitations shall be success-
fully pleaded and if not the claim may still be defended
upon its merits. However, conceding that these cases
(*Lambert* v. *Craft,* 98 N. Y. 342, and *Schutz* v. *Morette,*
146 id. 137) are applicable, the first holds that mere
silence on the part of the representative does not
constitute the claim an account stated, while the latter
case modifies the rule laid down in the former and
seems to hold that mere silence is not sufficient and that
an express promise is necessary.

I find at least two cases (*Cotter* v. *Quinlan,* 2 Dem.
29, decided by Surrogate Spring of Cattaraugus in
1883, and *Visscher* v. *Wesley,* 3 id. 301, decided by
Surrogate Rollins in 1885) which hold flatly that a
verbal acknowledgment of the debt by the legal repre-
sentative is not sufficient to prevent the running of
the statute and that a written promise is necessary.

In direct conflict with these we find the cases of
*Matter of Prince,* decided by Surrogate Sexton of
Oneida county in 1907 (56 Misc. Rep. 222), and *Matter
of Nelson,* decided by Surrogate Tallmadge in 1909
(63 Misc. Rep. 627), both holding that an acknowledg-
ment of the claim stopped the running of the Statute
of Limitations, and that a failure to dispute or reject
amounted to an acceptance or admission.

There are also several cases holding that mere silence
on the part of the executor or administrator after
presentation to them of a claim does not constitute
an admission and does not prevent the statute from
running (*Shutz* v. *Morette, supra; Matter of Van
Voorhees,* 55 Misc. Rep. 185; *Matter of Neher,* 57 id.
528), and with this doctrine I am inclined to agree both
upon reasoning and authority, but these cases do not
preclude the further deduction that a proper admis-
sion of the claim would not prevent the running of
the Statute of Limitations. This still leaves conflict,

however, as to whether the admission may be verbal or must be in writing, and it is to be regretted that on this point the higher courts have apparently not passed.

It is my opinion that a written promise is not necessary so long as clear proof can be shown of an admission of the claim or a promise to pay the claim or sufficient evidence of an intention on the part of the representative to recognize its validity which is communicated to the claimant.

The presentation of claims to the legal representative of an estate is, both in theory and practice, quite different from presentation to the living debtor. The representative is in most cases ignorant of decedent's debts, their number and the ability of the estate to pay them in full; consequently in most estates there is a considerable period which necessarily elapses between the presentation and the payment of claims. While the courts have apparently recognized that it might be dangerous to let mere silence amount to an admission, I see no reason why a verbal admission is not sufficient. The legal representative is after all not the debtor, he is an officer of the court, guided by law and the machinery of the court in administering the affairs of the decedent's estate and closing it up, and should, and presumably will, pay only the just debts of the decedent. There must in reason be a method approved by law and practice by which the representative may assure the claimant of the validity of his claim and make unnecessary its being placed in judgment, and an admission should answer this purpose. I believe that the admission of this claim contained in the conversation of the executor's attorney and the claimant (and as to which no contradiction appears) was sufficient to stop the running of the Statute of Limitations, and I so decide.

As to the claim, I was during the trial and am still convinced that there is merit in much of it, and find it and allow it at the sum of $200.64. In fixing this amount I am eliminating entirely the item for services rendered personally by the claimant and for which he asks $150. Undoubtedly there was employment proven by the power of attorney which is in evidence and apparently the claimant did render services under that appointment to his principal. I am also of the opinion that some services of a personal character looking toward the physical comfort of the decedent were rendered by claimant, but the proof is none too definite as to their nature and extent and there is no competent proof of the value of such services. It is true that the claimant was permitted, over objection, to place a value on those services of $150, but upon contemplation I am convinced that these services consisted in part of services necessarily involving personal contact and transactions with the decedent and which she might, if alive, contradict. This is directly prohibited by section 829 of the Code of Civil Procedure as the appellate courts have held. *Yates* v. *Root,* 4 App. Div. 442, and cases cited.

As to the items allowed, including most of the disbursements made by claimant, they seem to me to have been properly proven by evidence which is free from objection under section 829 and properly corroborated by disinterested witnesses or by evidence documentary in character.

This claim is allowed at the sum of $200.64, with interest thereon from January 11, 1911, the date of presentation of claim. The question of costs may be brought up on the settlement of the decree, which may be brought on upon notice or upon consent.

Decreed accordingly.