Matter of the Account of Proceedings of MARTHA E. THARP, as Administratrix of the Estate of ALFRED J. THARP, Deceased.

(Surrogate's Court, Westchester County, October, 1920.)

Executors and administrators — accounting — when decedent cannot be held as endorser of note — Negotiable Instruments Law, § 160.

> Where upon the hearing of a contested claim against the decedent's estate on a promissory note which he had endorsed, the claimant offers no evidence that due notice of dishonor was given under section 160 of the Negotiable Instruments Law or waived, the. claim is not a valid one against the estate.

PROCEEDINGS upon the judicial settlement of the account of an administratrix.

Charles H. Banks, for petitioner.

Thomas Holden, Jr., for Gilbert B. Tharp, next of kin.

Alexander B. Halliday, for creditor.

SLATER, S.   The decedent died July 10, 1915.   Letters of administration were issued August 26, 1915. Notice for claims expired April 1, 1916.

It appears that the decedent had endorsed a note for $500 made by Murray Hill Park to the order of H. L. McGee, dated January 22, 1915, payable three months after date.   There had been some correspondence between the attorney for the claimant and the then attorney for the estate prior to October, 1918, when the claim was formally presented to the new attorney for the administratrix.

When a claim is presented, the representative owes the duty to the estate, and to the creditor, to pass on the validity of the claim and either allow or reject it.

Surrogate's Court, Westchester County, October, 1920.    [Vol. 113.

In a case of non-action by a representative of the estate, it was held in *Lambert* v. *Craft,* 98 N. Y. 342, as a general rule that if, after a reasonable opportunity for examination into the validity, the representative does not dispute it, it acquires the character of a legitimate debt against the estate.   The instant case, however, falls within the case of *Schutz* v. *Morette,* 146 N. Y. 137, which limits the rule previously laid down in *Lambert* v. *Craft, supra.*   In *Schutz* v. *Morette* the claim was neither rejected nor accepted, because the claim upon its face was barred by the Statute of Limitations.   The representative of an estate neither by his promise nor acknowledgment can revive a debt against the estate which is barred.   In *Matter of Callahan,* 152 N. Y. 320, 326, the court said: " We are of the opinion that mere silence on the part of an executor or administrator after the presentation of a claim under the statute, accompanied by lapse of time, will not in any case preclude the representative from thereafter contesting its validity."   *Matter of Fingar,* 101 Misc. Rep. 516, holds if the claim is not rejected and on an accounting no objection is taken to its allowance, then the surrogate will be authorized to treat it as an admitted claim.   *Coombs* v. *Joerg,* 125 App. Div. 615. In the instant case, the administratrix upon the accounting, as well as one of the heirs-at-law, contests the claim and, because of it, the surrogate must deem the claim to be rejected and take proof of the claim. Code Civ. Pro. § 2680; *Matter of Brown,* 60 Misc. Rep. 35.   It is competent for the surrogate to pass upon the question whether there has been such a rejection or dispute of the claim upon the judicial settlement of the executor's account.

Section 160 of the Negotiable Instruments Law (Laws of 1909, chap. 43) states that when a negotiable instrument has been dishonored by non-acceptance or non-payment, notice of dishonor must be given

to the drawer and each endorser and the drawer or endorser to whom such notice is not given is discharged. Section 173 and section 174 state the time within and place where such notice must be given. Section 180 provides for waiver of such notice and section 186 provides when notice need not be given to endorser. Except when waived or excused, notice of dishonor is an essential element to hold the endorser of a negotiable instrument. *Cady* v. *Bradshaw*, 116 N. Y. 188. The burden of proof is upon the holder of the negotiable instrument seeking to enforce the same, to show that the instrument was duly presented and that due notice of dishonor was given to such endorser, or that such notice was waived. *Fuller Buggy Co.* v. *Waldron*, 112 App. Div. 814; affd., 188 N. Y. 630. No evidence was offered by the claimant showing notice of dishonor or waiver under the Negotiable Instruments Law. Therefore, when the claim was formally presented to the representative of the estate in October, 1918, it was not a valid claim. An executor can, neither by his promise or acknowledgment, revive a debt against the estate of his testator (*Schutz* v. *Morette, supra*); neither can the administratrix in the instant case make into a valid claim something that at the presentation thereof was not a valid claim against the estate. *Matter of Van Voorhees,* 55 Misc. Rep. 185; *Matter of Neher,* 57 id. 527; *Matter of Nelson,* 63 id. 627, 635; *Matter of Oosterhoudt,* 15 id. 566. Should an executor or administrator waive as against the heirs-at-law or devisee any legal defense, they do so at their own peril. *Matter of O'Rourke,* 12 Misc. Rep. 248.

Therefore, I conclude that the claim presented upon the note in question is not a valid claim against the estate.

Decreed accordingly.