In the Matter of the Estate of HARRY WILLIAMS, Deceased.

Surrogate's Court, New York County, June, 1923.

Executors and administrators — accounting — claims against estate — executor who is sole legatee may by agreement with creditors stop the running of the Statute of Limitations — estoppel.

Decedent died in 1896 and his executor who was the sole legatee of the estate died on July 28, 1921, without having accounted as executor. During the entire period of his administration of the estate, an agreement made within the statutory period between him and the creditors of decedent to reserve the question of the validity of certain claims against the estate until the final accounting, was in effect. *Held,* that the disposition of said claims having been prevented by the delay of the executor in not accounting, both the executor and his successors were estopped from setting up the Statute of Limitations as a bar to the payment of the claims.

Under the special circumstances disclosed by the proof and in view of the equities of the creditors, the claims will be allowed with interest upon the settlement of the account of the administrator with the will annexed.

ACCOUNTING proceeding.

*Stewart & Shearer (James H. Richards,* of counsel), for United States Trust Company of New York, as administrator of Harry Williams, deceased.

*Holmes, Rogers & Carpenter (Charles P. Rogers,* of counsel), for National Printing and Engraving Company and others, claimants.

*Jacob S. Ruskin (Robert P. Smith,* of counsel), for Nicholas S. Wood, claimant.

*Cohan, Gutman & Richter,* for Society for Ethical Culture.

FOLEY, S. In this accounting proceeding a question has arisen as to the validity of the claims of two creditors against the estate. The administrator *c. t. a.* contends that these claims are barred by the Statute of Limitations. The first claim is based upon a loan which I find was made by Nicholas S. Wood to the decedent on the 30th day of June, 1896. The decedent died on December 12, 1896, and by his will George H. Hart was appointed executor and named as sole legatee. The estate is a small one and amounts approximately to $1,800. A verified notice of claim was filed with the executor on December 31, 1896. The executor died on July 28,

1921, and this accounting proceeding was initiated by the petition
of his successor, the administrator *c. t. a.*   No written rejection
or acceptance of the claim was made by the former executor, but
notice of rejection was given by the administrator *c. t. a.* on the
30th day of September, 1922.   I am of the opinion that this claim
is a valid obligation against the estate.   There is evidence in the
record that the executor admitted shortly after presentation the
justice of the claim, and stated that the decedent had informed
him that the claim was a just one.   The verbal promise or admission
of the executor would not, however, extend the statutory limitation.
But it appears from the testimony that numerous meetings of the
creditors were held during the first years of the administration
of the estate, and the delay in distribution arose because of the
statement of the executor that he was unable to sell real estate.
There is in evidence a draft of an account prepared by the executor
in 1915 and 1916, which recited the presentation of the claims
of both creditors and states as to the claims of the second creditor,
the National Printing and Engraving Company, and its allied
companies, " These were disputed by the executor, and it was
mutually agreed that they should be submitted to the surrogate
for his determination."   With regard to the statement of the
claim filed by Nicholas S. Wood, it does not appear from this
schedule that it was disputed.   But at the end of the schedule
with regard to the claims filed, it is stated, " This accountant
submits all of said claims for the determination of the surrogate."
I find, however, that no notice of rejection of the claim of the
National Printing and Engraving Company was made.   Knowledge
of the preparation of these schedules on the part of the deceased
executor is also found in a letter written by him in 1915.   Upon
the evidence, I find that an agreement was made within the
statutory period between the executor and the creditors reserving
for the decision of the surrogate the validity of these claims upon
a final accounting, and that during the entire period of adminis-
tration this agreement was in effect.   The executor died before the
account was filed, and it was his delay in accounting that prevented
their disposition.   Jurisdiction existed to a limited extent under
the Code sections during the years between 1896 and 1914 for the
practice adopted by the parties.   Code Civ. Pro. §§ 1822, 2718a,
2743.   In the revision made by chapter 443 of the Laws of 1914,
all limitations were removed and plenary power was conferred
upon the surrogate to adjudicate the validity of the claims on
a final accounting.   Code Civ. Pro. §§ 2510, 2681, now Surrogate's
Court Act, §§ 40, 211.   The authorities cited by the attorney
for the administrator *c. t. a.* have no application to the facts of the

present case. *Schutz* v. *Morette*, 146 N. Y. 137; *Matter of Callahan*, 152 id. 320; *Matter of Hoes*, 183 App. Div. 38. They sustain the rule that mere silence or neglect of the executor to reject the claim does not establish its validity, and that the executor cannot revive a debt barred at the death of decedent by the statute. *Matter of Tharp*, 113 Misc. Rep. 199. In this estate the deceased executor was an attorney. As sole legatee he was interested in retaining the entire estate undiminished by the payment of claim. His conduct towards the creditors, his promises of payment and explanations of delays, apparently were actuated by a design to lull them into a sense of security, and in this he was successful. *Matter of Miles*, 170 N. Y. 75, 81. By his agreement to reserve the adjudication of the claims until the final accounting, he suspended the running of the statute, and he and his successors were estopped from setting up the statute as a bar. There are no other legatees or creditors interested in this estate and the equities are strictly those of the claimants against the deceased executor. In this case, therefore, the rule that the executor cannot waive the rights of the beneficiaries does not apply.

Under the special circumstances and in view of the equities of the creditors here, the claims of Nicholas S. Wood and of the National Printing and Engraving Company and its allied companies are allowed with interest. Submit decree accordingly.

Decreed accordingly.