In the Matter of the Accounting of RAMON MOSTEIRO, as Sole Surviving Executor and Trustee under the Will of JUAN A. LOPEZ, Deceased. ANTONIO R. FREIRE, as Ancillary Executor of CASIMIRO CALZA, Deceased, et al., Appellants; CARMEN L. GARCIA, Individually and as Administratrix C.T.A. of JUAN A. LOPEZ, Deceased, et al., Respondents.— Decree of the Kings County Surrogate's Court settling the accounts of the administratrix c.t.a., insofar as appealed from, and order denying motion for a new hearing, reversed on the law and the facts, with costs to all parties filing briefs, payable out of the estate of Juan A. Lopez, deceased, and the matter remitted to the Surrogate's Court for a new trial. The determination of the Surrogate was made upon the assumption that "Respondent Calza's Exhibit 1", is an account stated as against the estate of Juan A. Lopez, deceased. This assumption is erroneous. The personal representatives of a deceased person may create an account stated which is binding upon them personally with respect to transactions in which they had engaged. They cannot, however, create an account stated so as to bind the estate of their deceased with respect to transactions in which the deceased himself had engaged during his lifetime. Hence, as to the estate of said deceased, the exhibit constitutes not an account stated, but a mere statement which may reflect the financial entries in the books of account. (Cf. *Leavitt* v. *Scholes Co.*. 210 N. Y. 107; *Schutz* v. *Morette*, 146 N. Y. 137; *Volkening* v. *DeGraaf*, 81 N. Y. 268; *Stenton* v. *Jerome*, 54 N. Y. 480.) On the new trial,

the various transactions and items should be explored with the foregoing in view and an opportunity be accorded to all parties to adduce all available proof, as they may be advised. Johnston, Acting P. J., Adel, Nolan, Sneed and Wenzel, JJ., concur.